In the Matter of the Claim of LEWIS C. SMITH, Respondent. BROOKLYN BAR ASSOCIATION, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.—

Hill, P. J., Bliss and Heffernan, JJ., concur; Schenck, J., dissents in memorandum, in which Crapser, J., concurs.  Schenck, J. (dissenting).  Appellant was incorporated July 2, 1889.  Were it to be incorporated today it could just as well state in the certificate as to its purposes that it was to be operated " exclusively for  *  *  *  charitable, scientific, literary or educational purposes, no part of the net earnings of which inures to the benefit  *  *  * ".  It would then be exempt [§ 502, subd. 3, par. (3), cl. (d)].  From the record it appears that its general activities are within the frame of the statute.  It renders legal aid to the poor, conducts public radio broadcasts, provides for public lectures on legal as well as public questions, contributes to the Joint Conference on Legal Education, makes recommendation on proposed legislation, assists in arbitration of disputes, conducts a library and holds mock trials, all of which come under the head of charitable, scientific, literary or educational purposes.  In addition, it hears and conducts the prosecution of grievances against members of the Bar, examines into the unlawful practice of the law, conducts memorials for members of the Bench and Bar, provides entertainment for its own members, gives an annual dinner, conducts golf tournaments and maintains a club room for the convenience of its members and others.  Wherein does it differ from a church or any other religious corporation in respect of these additional activities?  Certainly, the religious corporation prosecutes grievances where the clergy are concerned, conducts memorials by whatever name they may be called, whether

it be a eulogy from the pulpit or a requiem mass, has church dinners at various times, church and Sunday school picnics for the benefit of its members where games of all kinds are played, and sometimes goes a step beyond this by conducting bingo games and auctions. As I understand the cases, the purposes set forth in the certificate of incorporation rather than the activities carried on govern : " To cultivate the science of jurisprudence, to promote reform in the law, to facilitate the administration of justice, to elevate the standards of integrity, honor and courtesy in the legal profession, and to cherish the spirit of brotherhood among the members thereof ". It would appear that these purposes, with the exception of the last, could be classified as scientific, literary or educational, and certainly, " to cherish the spirit of brotherhood among the members thereof " clearly comes under the head of " charitable," charity meaning brotherly love. The order appealed from should be reversed.