CRUSADE FOR CHRIST, INC., Appellant, *v.* TOWN OF NEW LEBANON, Respondent.

Third Department, April 19, 1971.

*Adolph I. King* for appellant.

*Thomas F. Turley* for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court, entered June 3, 1966 in Columbia County, upon a decision of a Referee, which dismissed plaintiff's complaint in an action for a declaratory judgment declaring void and canceling certain real estate taxes and refunding taxes paid.

Appellant, a domestic corporation, organized under the former Membership Corporations Law, was authorized by its certificate of incorporation:

" (a) To spread the Gospel of the Lord Jesus Christ throughout the United States of America and other countries through the printed page, through Bible conferences, through radio programs and television pictures, through the support of missionaries throughout the world, and through any other method.

" (b) To devise, provide and pursue ways, methods and means and to receive and acquire money and funds for the distribution of Bibles, Testaments, Tracts, religious periodicals and portions of the Holy Scripture, and to print, publish and distribute books containing religious songs, teachings and readings, and to issue said Christian literature, periodicals and pamphlets as may be helpful and which will serve to carry out the purposes herein.

" (c) To support teachers, preachers and missionaries within the United States or in foreign fields to spread the Gospel, especially to child and youth.

" (d) To purchase, lease, own, mortgage, sell and manage real estate, buildings, and lands, farms and accommodations to be used in conjunction with the training, teaching and houseing [*sic*] of Missionaries, preachers and religious workers, and to otherwise acquire real estate, by gift or devise necessary for any of the purposes herein set forth."

Pursuant to section 420 of the Real Property Tax Law appellant sought judgment declaring its real property in the Town of New Lebanon to be exempt from real property taxes and a refund of taxes paid under protest from 1956 through 1959.

Section 420 of the Real Property Tax Law provides in part: " 1. Real property owned by a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary * * * purposes * * * and used exclusively for carrying out thereupon one or more of such purposes * * * shall be exempt from taxation as provided in this section."

Appellant was an unaffiliated religious organization, described by its president as a " missionary group with an evangelistic viewpoint ". Appellant owned the property, consisting of 13 dilapidated buildings on some 500 acres from June, 1956 until sold at foreclosure in January, 1962. The property, named " Lebanon Boys' Village ", was purchased for the purpose of taking boys from broken homes and teaching them the love of Christ. An unlicensed school, with 23 students, occupied a part of the main building. The property was used for many purposes consistent with the language of the certificate of incorporation, including the recording of religious radio broadcasts and Bible study.

Further, the organization used the land for social gatherings and weekend retreats apparently directed at proselytizing. After a hearing, the Referee dismissed the complaint and thus upheld the tax assessments. He recognized that the purposes stated in the certificate of incorporation were within the exemptions of section 420, but denied any exemption because there was no " clearly identifiable portion of real property used exclusively for such authorized activities ". The Referee found that the school was not authorized in the certificate of incorporation and further that even if it were there authorized, said papers lacked the indorsement of the Commissioner of Education as required by subdivision 2 of section 11 of the Membership Corporations Law.

We are constrained to affirm the Referee's decision. Section 420 of the Real Property Tax Law provides for the exemption

from taxation of realty owned by a corporation or association organized exclusively for certain enumerated purposes. Not only must the certificate of incorporation and by-laws admit of no construction which would permit corporate activity for a purpose not specified within the statute, but also the property itself must be primarily used in furtherance of the permitted purposes (*Gospel Volunteers* v. *Village of Speculator,* 33 A D 2d 407).

Nowhere in appellant's corporate papers is there any reference, explicit or implied, to the operation of a school. Moreover, it is clear that such operation could not be deemed a proper corporate activity for appellant since it failed to comply with subdivision 2 of section 11 of the Membership Corporations Law then in effect. This statute required that where a certificate of incorporation authorized '' a purpose for which a corporation may be chartered by the regents of the university, the consent of the commissioner of education to such filing shall be endorsed thereon.'' We note parenthetically that even had such consent been sought, it is highly questionable that it would have been given. The State Supervisor of Secondary Education, having visited the school in 1958, testified that there was no way in which the department could recognize it as a registered school, because it did not meet the established standards. There were only two classrooms, one for elementary students and one for secondary students. Books, supplies and facilities appeared inadequate and the teachers were uncertified.

In keeping with its original goal of maintaining an orphanage, appellant provided schooling, room and board for several children, including one child taken at the request of the welfare board. However laudatory appellant's intentions, and despite the fact that these activities are among those enumerated in section 420 of the Real Property Tax Law, they cannot be deemed proper corporate activities for purposes of tax exemption. Subdivision 1 of section 11 of the Membership Corporations Law provided that where a corporate certificate authorized the '' care of destitute, delinquent, abandoned, neglected or dependent children * * * or the placing-out or the boarding-out of children, the approval of the state board of social welfare shall be endorsed thereon or annexed thereto ''. Appellant failed to secure such consent.

Although there is evidence that appellant conducted gospel broadcasts, youth fellowship meetings and other gatherings within its charter purposes, it has failed to establish that these uses constituted the primary purposes for which the land was used (cf. *Gospel Volunteers* v. *Village of Speculator,* 33 A D 2d 407, *supra*). It has therefore not sustained its burden of proof

that it was so organized and conducted as to justify the granting of an exemption. (*Matter of Plattsburgh Coll. Benevolent & Educational Assn.* v. *Board of Assessors of Town of Peru*, 43 Misc 2d 741.) On the contrary, the evidence indicates that the land was used primarily in connection with appellant's school and orphanage activities.

To grant exemption under the facts of this case, would be to require the taxpayers of the respondent town to subsidize an improper activity of the corporation. The theory of the tax exemption statute is to afford tax relief to eleemosynary institutions in recognition of their valuable services rendered to the community. In light of appellant's failure to obtain the necessary consents and to comply with the standards required to conduct an accredited school, there was no such public benefit as contemplated by the statute.

The judgment should be affirmed, without costs.

SIMONS, J. (dissenting). I do not agree with the majority's decision that educational or social institutions must be certified before a tax exemption may be granted. Neither the Real Property Tax Law nor the cases contain that requirement. Unless we intend to make local assessors enforcement officers for the myriad regulatory statutes, ordinances and codes which govern modern life, we should not read this new condition into the law.

The Referee was justified in denying the full relief requested because the appellant failed to establish that the uses of this real property were exclusively those for which it was organized or necessarily incident to the purposes for which it was organized. (*Gospel Volunteers* v. *Village of Speculator*, 33 A D 2d 407; *Matter of Chautauqua Inst.* v. *Town of Chautauqua*, 35 A D 2d 1; *Greater N. Y. Corp. of Seventh-Day Adventists* v. *Town of Dover*, 29 A D 2d 861, app. dsmd. 23 N Y 2d 682; *People ex rel. Blackburn* v. *Barton*, 63 App. Div. 581.) The school and orphanage, although charitable in nature, were substantially at variance with the purposes granted appellant by its certificate of incorporation, not incidental or subsidiary to those purposes.

Nevertheless, the judgment should be reversed and the matter remanded for further findings of fact and decision granting partial exemption.

The record proves beyond dispute that this property was owned by a religious corporation and partially used for permitted purposes throughout the period of that ownership. The school was a very meager operation and the orphanage never got off the ground. These were the objectionable uses and they were limited. Much of the property was used for church busi-

252

ness, retreats and church related social activities. Under those circumstances, appellant was entitled to a partial tax exemption (Real Property Tax Law, § 420, subd. 2), and respondent was without jurisdiction to assess the entire property and collect taxes due on an invalid assessment (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198; *Christian Camps* v. *Village of Speculator,* 275 App. Div. 868, mot. for lv. to app. den. 301 N. Y. 813).

It is true that the burden of proof rests upon the one claiming the exemption, and it is unfortunate that a record was not fashioned upon which the relief, to which appellant was unquestionably entitled, could have been granted. But here, the taxing authorities have admitted the right to partial exemption and the Referee finds exempt use existed. (50 Misc 2d 774, 782.) I think it unduly harsh to ignore all of this and deny appellant any relief whatsoever.

HERLIHY, P. J. (dissenting). The present record, albeit vague and indefinite, demonstrates beyond peradventure that part of the property was used for the purposes contemplated and within the purview of section 420 of the Real Property Tax Law.

REYNOLDS and COOKE, JJ., concur with GREENBLOTT, J.; SIMONS, J., dissents in an opinion in which HERLIHY, P. J., concurs; HERLIHY, P. J., dissents in a separate memorandum.

Judgment affirmed, without costs.