John T. Casey, J.
In this action for a declaratory judgment the plaintiff moves for summary judgment to declare its property in the Town of Liberty, New York, exempt from taxation under section 420 of the Real Property Tax Law.
The plaintiff, a membership corporation, called ‘‘ LEAP ’ ’ was organized, according to its statement of corporate purposes, to investigate and research social problems such as delin *563 quency and narcotics, particularly as they affect youth. The plaintiff’s contention is that these objectives are directed exclusively to the moral and mental improvement of men and women and for charitable, benevolent and educational purposes with no resulting profits to its officers and that its income is all derived from donations from various foundational grants. The property in question is claimed to be used as a recreational camp for children under its charge.
The tests to be applied in such cases of claimed exemption are (1) that the corporation or association be organized exclusively for the purposes enumerated in section 420; (2) that the property itself be used primarily in furtherance of those purposes; and (3) that no pecuniary profit inure to the benefit of any of its officers. (Gospel Volunteers v. Village of Speculator, 29 N Y 2d 622, dissent by Judge Scileppi.)
Effective April 1, 1972 section 420 was renumbered section 421 and amended. The amendment in essence preserves exemption for religious, charitable, hospital, educational or cemetery purposes (Real Property Tax Law, § 421, subd. 1, par [a]), but as regards those corporations organized or conducted exclusively for the moral or mental improvement of men and women, which were also exempt under former section 420, exemption is now granted unless such property is made taxable by local law (§ 421, subd. 1, par. [b]). Herein a local law so providing was enacted.
The question, therefore, is whether the purposes and activities of the plaintiff fall within paragraphs (a) or (b) of subdivision 1 of section 421. A fair reading of its certificate and a fair consideration of its alleged activities clearly demonstrate that it is paragraph (b) which applies, for, unquestionably, investigation and research of delinquency and narcotics, and the care of persons affected, are activities for the moral and mental improvement of men and women rather than activities that are primarily religious, charitable or educational.
The broad test urged by the plaintiff cannot be applied. The activity of every membership corporation has at least a thread of religion, charity or education within its activities and it is not the intent of the Legislature to exempt them all. Only those whose principal purposes and activities are religious, charitable, hospital or educational are qualified. The plaintiff has not demonstrated that it falls within any one or more of these classifications sufficient even to raise an issue of fact as to its status.
Whether the plaintiff is conducting activities without the consents required by former Membership Corporations Law (§ 10, *564 subd. 8; § 11, subd. 1); Not-For-Profit Corporation Law (§ 404, subd. [b]); Mental Hygiene Law (■§ 213, subd. 1) is inconsequential. The sole issue here is the purpose and activities of the plaintiff. Having concluded that such are directed .to the moral and mental improvement of men and women exempt status is prevented by the local law. (Real Property Tax Law, § 421, subd. 1, par. [b].)
Summary judgment is granted to the respondents and it is declared .that the plaintiff’s property is not entitled to exemption from taxation. This determination is effective from the date of the local law. As to prior years the plaintiff would be exempt.