A. Fbanklin Mahoney, J.
The plaintiff, within the context of a declaratory judgment action, .seeks an order striking defendants’ answer and defenses and directing that summary judgment be granted declaring plaintiff’s realty, located in the Town of Liberty, County of 'Sullivan, is exempt from real estate taxation, all as provided for by section 421 of the Real Property Tax Law.
Plaintiff, a religious corporation, received its charter on August 7, 1916. Since that date it has conducted and maintained, in New York City, a school for the teaching of the principles and doctrines of the Jewish faith and in connection therewith has maintained a house of worship. On May 15, 1945 plaintiff became the owner in fee of about 63 acres of improved land in the Town of Liberty, New York, and since that date has used said realty for religious and educational purposes. During that period the plaintiff corporation enjoyed exempt status with respect to its Sullivan County realty and paid no real property taxes to the local sovereignty.
Section 7 of chapter 414 of the Laws of 1971, effective January 1,1972, amended section 421 of[1] the Real Property Tax Law so as to permit the local governing board to adopt a local law, ordinance or resolution denying to organizations exempt status if the adaptation of the realty is not to the purposes enumerated in the statute or, if so adapted, that it is not used exclusively for those purposes. The Town of Liberty adopted such a local law in 1971 and, pursuant to its terms, terminated plaintiff’s exemption from real property taxation for the year 1973 et seq. Plaintiff, thereupon, commenced an action for a declaratory judgment; defendants answered and plaintiff, herein, moves for summary judgment.
*693 The ‘ ‘ first separate and distinct defense ’ ’ of defendants ’ answer is stricken. A religious corporation is under no duty, nor is it compelled by article 7 of the Real Property Tax Law, to proceed according to the provisions of section 700 et seq. of that law. A religious corporation can maintain an action for a declaratory judgment when it challenges either the constitutionlity of the subject statute or that it does not, by its term, apply (58 N. Y. Jur., Taxation, § 66, p. .95; Buffalo Hebrew Christian Mission v. City of Syracuse, 33 A D 2d 152). In the matter at bar, the movant challenges the constitutional right of defendants to deny it exempt status and, further, insists that section 421 of the Real Property Tax Law, as amended, has no application to it.
Defendants’ “second” and “third” “distinct defenses” attempt to raise a triable issue of whether plaintiff’s premises are used exclusively for carrying out its corporate purposes and, if[1] so, that the said corporate purposes and the purposes for which it uses its subject property fall within the purview of the Town of Liberty Local Law No. 1-1971 and, as a result, are subject to assessment and taxation.
I do not agree.
The issue is not whether the plaintiff is a religious corporation; that fact has been established by determinations of the Federal Government[1] and the City of New York[2]. The issue is whether the Sullivan County property, acquired after plaintiff’s establishment as a religious corporation entitled to an exempt taxable status pursuant to provisions of section 1 of article XVT of the New York Constitution, and section 420 of the Real Property Tax Law, was dedicated to and used exclusively for religious and/or educational purposes.
Exemptions have been denied where the property has not been used exclusively for purposes prescribed by section 420 (Matter of Hubsch Post No. 596, V. F. W., 278 App. Div. 460, affd. 303 N. Y. 682; People ex rel. Mispah Lodge v. Burke, 228 N. Y. 245; Plattsburgh Coll. Assn. v. Barnard, 9 Misc 2d 897; Lower East Side Action Project v. Town of Liberty, 70 Misc 2d 562). However, construction of section 420 should not lead to the conclusion that exclusive dedication of property owned by religious oriented societies is entitled to tax exemption while partial dedication makes it taxable. The courts have given a liberal meaning to the words “ exclusive use ” in the hope of *694 avoiding an interpretation so narrow and literal as to defeat the statute’s well-settled purposes, to foster and protect religious and educational institutions (Gospel Volunteers v. Village of Speculator, 29 N Y 2d 622, 625; People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, mot. for rearg. den. 9 N Y 2d 688). “Exclusive” is isaid to connote “principal” and it is sufficient to warrant exemption that the primary use of the subject property be in furtherance of permitted corporate purposes (People ex rel. Untermyer v. McGregor, 295 N. Y. 237; People ex rel. Watchtower Bible & Tract Soc. v. Haring, supra). Where the property is used principally for corporate purposes, the fact that it may also be put to nonexempt uses is not germane, provided .such nonexempt uses serve as “an embellishment or adjunct to the successful maintenance and development of the whole project ” (People ex rel. Untermyer v. McGregor, supra; Matter of St. Luke’s Hosp. v. Boyland, 12 N Y 2d 135, 143; Greater N. Y. Corp. of Seventh-Day Adventists v. Town of Dover, 29 A D 2d 861, app. dsmd. 23 N Y 2d 682).
In the instant case it can be stated, unequivocally, that the purposes for which plaintiff was organized included the education and cultivation of the Jewish religion among its members and their children. It can also be stated that the purposes to which plaintiff’s Sullivan County property was used were necessarily incidental to its primary purposes. In furtherance of those goals, plaintiff established a camp known as “ Camp Yeshiva” and dedicated it to the building of the minds and bodies of underprivileged Jewish children. A review of a typical day’s activities at “ Camp Yeshiva ” reveals .that a day covering 14 hours, from 7:30 a.m. to 9:45 p.m., included time in excess of seven hours devoted to study of religion and religious services. The fact that the plaintiff corporation may receive payment from its members for housing and recreational activities is no bar .to an exemption.
From all of the above, I find (1) that the plaintiff corporation was. organized exclusively for the purposes enumerated in sections 420 and 421; (2) that the Sullivan County realty was used primarily and principally in connection with and as an adjunct to the educational and religious activities that plaintiff conducts in its main place of instruction and worship in the City of New York; and (3) that there is an absence of any evidentiary allegation or proof in the papers in opposition to plaintiff’s allegation in its complaint that it does not operate for profit and no officer, member or employee receives or is entitled to receive any pecuniary profit from the operation of *695 plaintiff’s activity in Sullivan County except reasonable compensation for services rendered.
Accordingly, plaintiff’s motion for summary judgment is granted in the following respects: (1) striking defendants’ answer and the three separate distinct defenses contained therein; (2) voiding and canceling of record assessments and taxes upon property owned by plaintiff in the Town of Liberty, County of Sullivan and identified on the assessment roll as 44-1-35 and used for the operation of Camp Yeshiva; (3) declaring that plaintiff is a tax-exempt organization and that its property in Sullivan County, as identified above, is exempt from taxation under the provisions of section 420 of the Beal Property Tax Law.

. Exempt from Federal income tax pursuant to provisions of subdivision (6) of section 101 of Revenue Act of 1936.

. Certified Record of Assessed Valuation for Borough of Brooklyn, New York.