■ In the Matter of SWEDENBORG FOUNDATION, INCORPORATED, Respondent, v RICHARD LEWISOHN, as Finance Administrator of the City of New York, et al., Appellants, and ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor-Respondent.—Judgment, Supreme Court, New York County, entered January 31, 1974, granting the petition and directing respondents to remove the subject property from the city's tax rolls, and to refund real estate tax payments previously made by petitioner, unanimously reversed, on the law, and the petition dismissed, without costs or disbursements. The record establishes that petitioner is organized principally for purposes falling within the taxable categories of the statutes herein involved (Real Property Tax Law, § 421; Administrative Code of City of N. Y., § J51-3.0), i.e., missionary or tract, and is not organized or conducted principally for those purposes which are exempt from taxation, i.e., religious, charitable, educational, moral or mental improvement. The respondents, having met their burden of proof, it was proper to restore the property to the tax rolls (see *Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn,* 35 NY2d 92; *Matter of Association of the Bar of the City of N. Y. v Lewisohn,* 34 NY2d 143). Although the members of petitioner's board of directors are also members of the New Church and petitioner is the "principal and practically the only source of the writings and other material to the organized New Church", nevertheless, petitioner is an autonomous body and remains completely independent of the New Church. And, while we do not

hold or imply that an organization, in order to be considered primarily religious within the meaning of these statutes, must be affiliated with a particular denomination, where, as here, the facts demonstrate that the direct and principal purpose of the taxpayer is tract or missionary, and that those purposes are not part of over-all religious activities, but rather, that the religious purpose is incidental to the tract and or missionary purposes, the taxpayer may not qualify for exemption. As already noted, it is clear that petitioner's purposes fall within the classifications of tract and/or missionary. Indeed, in the affidavit in support of the petition, it is stated that petitioner devotes "its entire efforts and funds to the publication and distribution of the theological and philosophical writings and teaching of the great Swedish theologian philosopher * * * Emanuel Swedenborg." It is virtually conceded that petitioner's activities are in aid of religion or auxiliary thereto and that religious purpose is not the principal one. The president of the petitioner testified that "it is not a religious organization, but one of its purposes is to assist religion." Additionally, the petitioner's literature contains a statement that it is not a religious organization but "is a publishing, and distributing body, independent of any organized church." Although it is argued that that statement was only intended "to make it clear that the Foundation is not an organized religious denomination and that it is an entirely separate entity from the New Church", it is nevertheless, also stated that "the Foundation's purposes are, among others, religious." However, the other purposes, whether they be denominated as religious, educational, charitable, or moral or mental improvement are incidental to the main purpose and do not qualify petitioner for tax exemption. (*Matter of Association of the Bar of the City of N. Y. v Lewisohn, supra,* p 153; *Matter of American Bible Soc. v Lewisohn,* 48 AD2d 308; *Matter of De Peyster,* 210 NY 216, 221; *Matter of Smith v Brooklyn Bar Assn.,* 266 App Div 1038, 1039, affd 292 NY 593.) Those cases in which the subject classifications, i.e., religious, bible, tract, missionary, have previously been considered and wherein it was concluded that the taxpayer was exempt, involved far different factual circumstances. Accordingly, in *Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn* (35 NY2d 92, *supra),* it was concluded that the petitioner was organized and conducted exclusively for religious purposes. The Court of Appeals, in coming to that conclusion, relied on the following facts (pp 97–98): "Watchtower Bible and Tract Society of New York, Inc. is the governing body of the religious group known as Jehovah's Witnesses. * * * It was organized as a membership corporation for religious purposes in 1909. It is the ecclesiastical governing body of a recognized religious denomination with its own beliefs and form of organization. * * * The great weight of judicial authority has uniformly held that the preaching activity of Jehovah's Witnesses from house to house is done as ministers of the gospel and it is held that it is religious preaching." (Citations omitted.) And, in *Matter of American Press v Lewisohn* (74 Misc 2d 562, affd on opn, 48 AD2d 798), it was stated as follows: "Petitioner was organized * * * at the direction of the General Superior of the Jesuit Order. * * * Its basic purpose is to preach the gospel. The subject property is owned by petitioner. Numerous priests reside there and are directly involved with the conduct of several religious activities including, among others, production of two publications, the holding of Mass. * * *. The subject property is held by a religious organization, regardless of the legal form in which it is held. It houses members of the church organization who, among other things, pray there and edit the publications as part of the work of the church as an extended arm of the pulpit." (*Matter of American*

*Press v Lewisohn,* 74 Misc 2d 562, 566, 570.) The facts in this case, as already stated, are quite different and require the conclusion that petitioner falls within the taxable categories. Finally, it is argued that if it is found that petitioner is subject to taxation, then the statutes as applied to it are violative of the New York State Constitution (art. XVI, § 1) and constitute a denial of due process and of the equal protection of the laws under the Federal and State Constitutions. These arguments are identical to those which were made and rejected by this court in *Matter of American Bible Soc. v Lewisohn* (48 AD2d 308). Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.