ORDER MINOR CONVENTUALS, Respondent, v IVAN LEE, as Assessor of the Town of Maine, et al., Appellants.

Third Department, October 26, 1978

## APPEARANCES OF COUNSEL

*Stuart M. Pearis, Town Attorney,* for appellants.

*Costello, Cooney & Fearon (Charles E. Cooney, Jr.,* of counsel), for respondent.

*John E. Murray (Gerald F. Mollen* of counsel), for Broome County, *amicus curiae.*

*Robert L. Beebe* for State Division of Equalization & Assessment, *amicus curiae.*

**OPINION OF THE COURT**

MAHONEY, P. J.

Plaintiff, a New York State not-for-profit corporation recognized as tax exempt under the Internal Revenue Code, was created under chapter 190 of the Laws of 1914 by the Franciscan Fathers, whose membership is limited to the Catholic priesthood, and had among its purposes the acquisition of property and the construction, establishment and maintenance of churches, schools and missions. In 1973 plaintiff acquired 65.59 acres of wooded, hilly land in the semirural Town of Maine in Broome County in order to establish a hermitage and retreat center. The property was unimproved at the time of acquisition except for a one-lane access road, but since then the access road has been enlarged to two lanes, the forest area has been cleared of dead trees and debris, a pond has been built, a chapel, hermitage, residence, workshop, garage and parking area have been constructed and a number of small prayer stations have been installed along pathways in the wooded areas. The area intended for use by those who come for retreat and prayer, including pathways and prayer stations yet to be completed, comprises approximately 80% of the property, with 20% retained as a buffer at the perimeter of the land.

Plaintiff sought to have the property removed from the tax rolls pursuant to section 421 of the Real Property Tax Law which provides an exemption for real property owned by corporations such as plaintiff and used exclusively for religious purposes. Defendants granted an exemption with regard to the buildings located on the property, but refused to grant an exemption as to the land itself. Plaintiff commenced an action for declaratory judgment seeking to have the property declared exempt under section 421 and for a refund of taxes paid. Following a trial, judgment was entered in favor of plaintiff with respect to the year 1975 and thereafter. This appeal ensued.

■ ■ Defendants contend, in essence, that since the vast majority of the property has been left in its natural state, the property is being put to no use and, therefore, is not being used exclusively for religious purposes within the meaning of section 421 of the Real Property Tax Law. While a statute creating a tax exemption should be strictly construed against those seeking the benefit of the exemption, the interpretation should not be so narrow and literal that it defeats the exemption's settled purpose (*Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143, 153; *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 358). Accordingly, "exclusive", as used in section 421, means principal or primary (*id.*), and the exemption is warranted where the primary use is necessary or fairly incidental to the maintenance of the purposes for which the corporation was organized (*Matter of Shrine of Our Lady of Martyrs at Auriesville v Board of Assessors of Town of Glen,* 40 AD2d 75, affd 33 NY2d 713). Thus, it has been held that property owned by a religious corporation and used primarily as a spiritual retreat is entitled to the exemption (*Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,* 29 AD2d 861, app dsmd 23 NY2d 682).

■ Here, while the property can best be described as underdeveloped, the record plainly establishes that plaintiff has made or is making improvements (see Real Property Tax Law, § 421, subd 3) to provide access to the property for the members of its faith and yet has preserved the natural state of the property in order to allow communication with God in solitude. As noted by the trial court, the fact that the majority of the property has not been cleared, fenced or otherwise improved does not exhibit an intent to abandon the property, but rather is further evidence of plaintiff's adherence to the belief that there is a need among the members of its faith for prayer and solitude free from the external pressure and duress of contemporary living. Accordingly, we conclude that plaintiff has sustained its burden of establishing that, despite the lack of development, the property is being primarily used as a spiritual retreat which is fairly incidental to the purposes for which plaintiff was organized and, thus, is entitled to the exemption.

Defendants further contend that in any event the 20% of the property used as a buffer zone is not entitled to the exemption. It is clear, however, that the buffer zone is neces-

sary to preserve the natural state and quietude of the remaining property. If the buffer zone were sold and developed, the primary purpose of the remaining property to provide a place for prayer and solitude would be destroyed. Accordingly, the buffer zone should be treated as an integral part of the spiritual retreat and, thus, entitled to the exemption *(People ex rel. Untermeyer v McGregor,* 295 NY 237, 244).

■ ■ Finally, since plaintiff has challenged the jurisdiction of the taxing authority to levy a tax upon its real property, defendants' claim that plaintiff is barred from maintaining this action by its failure to proceed according to the provisions of article 7 of the Real Property Tax Law is without merit *(Buffalo Hebrew Christian Mission v City of Syracuse,* 33 AD2d 152; *Kluger School v Town of Liberty,* 76 Misc 2d 691; cf. *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). In its *amicus curiae* brief the State Board of Equalization and Assessment claims that plaintiff is operating the retreat center *ultra vires* and is, thus, not entitled to the exemption. Although defendants did not raise this issue either at trial or on appeal, we note that while the hermitage and retreat center is not a church in the narrow sense, "[a] church is more than merely an edifice affording the people the opportunity to worship God * * *. To limit a church to being merely a house of prayer and sacrifice would, in a large degree, be depriving the church of the opportunity of enlarging, perpetuating and strengthing itself and the congregation." *(Matter of Community Synagogue v Bates,* 1 NY2d 445, 453.)

The judgment should be affirmed, without costs.

GREENBLOTT, KANE, STALEY, JR., and MAIN, JJ., concur.

Judgment affirmed, without costs.