Matter of Sisters of the Presentation of the Blessed Virgin Mary v Van Wagenen (2024 NY Slip Op 00100)

Matter of Sisters of the Presentation of the Blessed Virgin Mary v Van Wagenen

2024 NY Slip Op 00100

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

535586
[*1]In the Matter of Sisters of the Presentation of the Blessed Virgin Mary, Albany, New York, Appellant,
v
Karen Van Wagenen, as Assessor of the Town of Guilderland, Respondent.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons and Fisher, JJ.

Couch White, LLP, Albany (Joshua A. Sabo of counsel), for appellant.
James P. Melita, Town Attorney, Guilderland, for respondent.

Clark, J.
Appeal from that part of a judgment of the Supreme Court (Margaret T. Walsh, J.), entered May 24, 2022 in Albany County, which partially dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to declare certain real property owned by petitioner tax exempt.
Petitioner, a not-for-profit corporation, owns two parcels of land in the Town of Guilderland, Albany County, which, since at least the 1980s, qualified for exemption from real property taxes for religious and educational purposes, pursuant to RPTL 420-a (1) (a). One of these parcels contains a building which petitioner utilizes as a convent, while the other parcel (hereinafter the subject property), a 42-acre property, contains a school building, a mansion and a playground, among other structures. Until approximately June 2013, petitioner operated the Cobb School out of the subject property; when the Cobb School closed, its student population was absorbed by St. Colman's School, an educational institution operated by petitioner in the Town of Colonie, Albany County.
When petitioner applied for a real estate tax exemption for both parcels for the 2018 and 2019 tax years, respondent Assessor of the Town of Guilderland denied the applications. Petitioner filed timely complaints and, after a hearing, the Board of Assessment Review of the Town of Guilderland issued a determination declining to restore the tax-exempt status for both properties. Petitioner thereafter commenced two proceedings, one for each tax year, pursuant to RPTL article 7 challenging the determinations, and the proceedings were joined. Following motion practice, Supreme Court partially granted the petitions by reversing the determinations inasmuch as they denied a tax exemption for the parcel housing the convent and ordered respondent to restore tax-exempt status to that property. The parties proceeded to a nonjury trial regarding the subject property, after which Supreme Court found that petitioner was entitled to a partial tax exemption for the portions of the subject property it actually used, and remitted the matter to respondent to correct the tax rolls and issue petitioner a partial refund, with interest, for overpayment pertaining to the 2018 and 2019 tax years. Petitioner appeals, as limited by its notice of appeal, from the portion of the order which denied it a tax exemption for the remainder of the subject property.
"Although the burden of proof in tax exemption matters ordinarily lies with the party seeking an exemption, a municipality seeking to withdraw an existing exemption bears the burden of proving that the real property in question has become subject to taxation" (Matter of St. William's Church of Troy, N.Y. v Dimitriadis, 115 AD3d 1031, 1032 [3d Dept 2014]; see Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1193 [3d Dept 2011]). As relevant here, real property that is owned by a not-for-profit corporation organized for religious or educational purposes and used exclusively [*2]for carrying out such purposes is entitled to be exempt from real estate taxes (see RPTL 420-a [1] [a]; Matter of Catskill Watershed Corp. v Assessor of the Town of Middletown, 217 AD3d 1090, 1092 [3d Dept 2023]).
Here, the parties stipulated that petitioner is a not-for-profit corporation, satisfying the first prong of RPTL 420-a (1) (a), and the material facts relevant to this appeal are not in dispute. During the 2018 and 2019 tax years, petitioner transported St. Colman's School students to the subject property several times per week in July and August to encourage healthy socialization outside a classroom setting.[FN1] More specifically, the students made use of the playground located at the subject property. The subject property, which consists of 42 acres of land, also contains a 22,000-square-foot school building and an attached 7,000-square-foot mansion, both of which were vacant and not in use. Respondent and a deputy fire inspector inspected the buildings during the pendency of the proceedings and noted that the buildings lacked running water, had a musty and mildewy smell and were generally in disrepair, with tiles missing or detaching from the floors and walls. The fire inspector further noted that the school building had not undergone the requisite annual fire inspection since 2010. The Mother Superior in charge of petitioner admitted that the St. Colman's School students only used the playground, as the buildings were not safe to use and had no running water. As a result, petitioner provided the students with "porta-potties," with water to drink and with canopies for shade and protection from inclement weather. She also explained that these supplies were stored in a nearby outbuilding. Following the trial, Supreme Court found that petitioner was entitled to a tax exemption pursuant to RPTL 420-a (1) (a) only for the portions of the subject property that it actually used and the areas that were incidental to such use — specifically, the playground and the immediately surrounding area, the outbuilding where supplies were stored and the driveway and nearby parking area.[FN2] However, because the remainder of the subject property was unused, it was subject to taxation.
Contrary to petitioner's assertion, apportionment is not limited to circumstances where a portion of a property is used for a pecuniary purpose. Rather, "[w]here the use of an otherwise nonexempt portion of [a] property is not reasonably incidental to the use of the property for its primary, exempted purpose, that portion is taxable and, thus, the property owner receives only a partial tax exemption" (Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye, 80 AD3d 118, 138 [2d Dept 2010]; see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 250 [1992]; Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d 665, 667 [2d Dept 2016]; Order Minor Conventuals v Lee, 64 AD2d 227, 230-231 [3d Dept 1978]). Here[*3], based upon the facts adduced at trial, Supreme Court granted petitioner an exemption for those portions which it actually used for an exempted purpose — the playground — as well as those portions which were reasonably incidental to such exempted purpose — the areas surrounding the playground, the outbuilding, the driveway and the parking area (see Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 667; Matter of Paws Unlimited Found., Inc. v Maloney, 91 AD3d 1173, 1174 [3d Dept 2012]; Order Minor Conventuals v Lee, 64 AD2d at 230-231). By contrast, the record is clear that the remainder of the 42-acre property was completely vacant and unused, and that it neither served to further the exempted purpose nor was it reasonably incidental to such use; as such, Supreme Court did not err in denying an exemption for the remainder of the subject property (see Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153-154 [1974]; Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye, 80 AD3d at 139; see also Matter of Inward House Corp. v Frey, 227 AD2d 845, 846 [3d Dept 1996]; compare Order Minor Conventuals v Lee, 64 AD2d at 230-231).
Petitioner's remaining contentions, to the extent not expressly addressed herein, have been examined and lack merit.
Egan Jr., J.P., Aarons and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The student population at St. Colman's School consists of autistic children and children with various behavioral disorders.

Footnote 2: This portion of Supreme Court's decision is not at issue on this appeal.