■ In the Matter of REGIONAL ECONOMIC COMMUNITY ACTION PROGRAM, INC., Appellant, v JAMES F. RITTER, as Commissioner of Assessment of the City of Middletown, et al., Respondents. [705 NYS2d 627] —In a proceeding pursuant to CPLR article 78 to annul five determinations of the respondent City of Middletown Board of Assessment Review, all dated June 30, 1998, denying the petitioner's application for a real property tax exemption for properties owned by it, and to direct the respondents to grant a real property tax exemption for the tax years 1997-1998 and 1998-1999, the petitioner appeals from a judgment of the Supreme Court, Orange County (Lange, J.), dated March 19, 1999, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the determinations dated June 30, 1998, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, with costs payable to the petitioner, and the matter is remitted to the respondent James F. Ritter, as Commissioner of Assessment of the City of Middletown, to strike the properties from the tax rolls.

The petitioner is a tax-exempt corporation which owns five pieces of property (hereinafter the properties) in the City of Middletown. In 1997 it applied to the respondent James F. Ritter, as Commissioner of Assessment of the City of Middletown (hereinafter the Assessor), for property tax exemptions for the properties. The Assessor denied the application and the petitioner then submitted five separate written protests to the respondent Doris Gustafson as Chairman of the City of Middletown Assessment Board of Review (hereinafter the Board). As part of the submission to the Board, the petitioner's Executive Director checked the line in each of the five protest forms which stated that the property is wholly tax-exempt. He also certified the truth of the statements in the application and protests under penalty of perjury. As the Board noted, there was no other proof before it. The Board subsequently denied the protests.

A proceeding pursuant to CPLR article 78 resulted in a remittal to the Board to reconsider this matter pursuant to RPTL 420-a (1). Upon such reconsideration, the Board again denied the protests. The petitioner then brought this proceeding pursuant to CPLR article 78 and the Supreme Court denied the petition and dismissed the proceeding. We reverse.

Pursuant to RPTL 420-a (1), there is a mandatory exemption

for real property owned by, among others, certain tax-exempt organizations and used for tax-exempt purposes (*see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194). Since the Board conceded that the petitioner is a tax-exempt organization, the only issue is whether the petitioner used the property for tax-exempt purposes.

The only proof in the record before the Board as to the use of the properties in question were the statements in the petitioner's application and protests to the effect that the properties were used for tax-exempt purposes. This constituted sufficient proof of the use of the petitioner's properties to make out its prima facie case. The burden then shifted to the Board to show, by way of evidentiary proof, the existence of a factual question on the issue of the use of the properties. Since there was no such proof in the record, it was error to deny that branch of the petition which was to annul the determinations dated June 30, 1998 (*see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, supra*; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.