■ In the Matter of STORM KING ART CENTER, Respondent, v ROLAND TIFFANY, as Assessor of the Town of Cornwall, et al., Appellants. [720 NYS2d 548] —In a proceeding pursuant to Real Property Tax Law article 7 to review a determination of Roland Tiffany, as Assessor of the Town of Cornwall, Orange County, New York, and the Town of Cornwall, to place the petitioner's property on the real property tax rolls of the Town of Cornwall, the appeal is from a judgment of the Supreme Court, Orange County (Palella, J.), dated December 1, 1999, which, upon an order of the same court dated October 8, 1999, granting the motion of the petitioner, Storm King Art Center, for summary judgment on the petition, and denying the cross motion of Roland Tiffany, as Assessor of the Town of Cornwall, Orange County, New York, and the Town of Cornwall, for summary judgment dismissing the petition, granted the petition and set aside the determination.

Ordered that the judgment is affirmed, with costs.

To qualify for a tax exemption under RPTL 420-a (1) (a), real property must be owned by a nonprofit corporation or association that is organized or conducted for one or more exempt purposes, and the property itself must be used primarily for such purposes (see, Mohonk Trust v Board of Assessors, 47 NY2d 476; Adirondack Land Trust v Town of Putnam, 203 AD2d 861). Purposes and uses which are merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption (see, Mohonk Trust v Board of Assessors, supra, at 481). The petitioner provided a rational basis for the Supreme Court's conclusion that the subject property was used primarily for purposes integral and necessary to the exempt purposes of the operation of the art center (see, Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249). The appellants failed to raise a triable issue of fact to defeat this showing (see, Scenic Hudson Land Trust v Sarvis, 234 AD2d 301).

The Supreme Court's decision contains the essential facts upon which the ultimate finding of facts were made (see, Matter of Blue Hill Plaza Assocs. v Assessor of Town of Orangetown, 230 AD2d 846, 847).

The appellants' remaining contentions are without merit. Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.