■ In the Matter of PETS ALIVE, INC., Respondent, v MOLVINA A. WANAT, as Assesor of the Town of Wallkill, et al., Appellants. [732 NYS2d 862] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review two determinations of the Board of Assessment Review of the Town of Wallkill, both dated July 1, 1999, denying the petitioner's respective applications for real property tax exemptions for certain parcels of its real

property, the appeal is from a judgment of the Supreme Court, Orange County (Palella, J.), dated November 1, 2000, which granted the petition and set aside the determinations.

Ordered that the judgment is affirmed, with costs.

The petitioner is a tax-exempt corporation which owns three parcels of land in the Town of Wallkill (hereinafter the Town). The Town previously had granted tax-exempt status to one of those properties. In 1999 the petitioner applied to Molvina A. Wanat, Assessor of the Town of Wallkill (hereinafter the Assessor), for tax exemptions for the other two properties. The Assessor denied the applications and the petitioner submitted complaints for each property to the Board of Assessment Review for the Town of Wallkill (hereinafter the Board). The Board subsequently denied the complaints. The petitioner then commenced this CPLR article 78 proceeding. The Supreme Court granted the petition and, *inter alia*, directed the Town to place the subject properties on the tax-exempt portion of the Town's 1999 final assessment roll.

Pursuant to RPTL 420-a (1), there is a mandatory exemption for real property owned by tax-exempt organizations and used primarily for tax-exempt purposes (*see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194; *Mohonk Trust v Board of Assessors,* 47 NY2d 476). "[S]ince the Board conceded that the petitioner is a tax-exempt organization, the only issue is whether the petitioner used the property for tax-exempt purposes" (*Matter of Regional Economic Community Action Program v Ritter,* 270 AD2d 492, 493). Purposes and uses which are merely auxiliary or incidental to the main and exempt purpose and use of the property will not defeat the exemption (*see, Matter of Yeshivath Shearith Halpletah v Assessor of Town of Fallsburg,* 79 NY2d 244; *Matter of Storm King Art Ctr. v Tiffany,* 280 AD2d 606).

The petitioner provided sufficient statements of the tax-exempt use of its properties in the complaints submitted to the Board to make out its prima facie case (*see, Matter of Regional Economic Community Action Program v Ritter, supra*). The burden of proof then shifted to the Board to show, by way of evidentiary proof, the existence of a factual question on the issue of the use of the properties, which it failed to do (*see, Matter of Regional Economic Community Action Program v Ritter, supra*). Accordingly, the Supreme Court rationally concluded that the subject properties were used primarily for purposes necessary and integral to the exempt purposes of the operation of the corporation and properly granted the CPLR article 78 petition (*see, Matter of Storm King Art Ctr. v Tiffany, supra*). Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.