■ In the Matter of CONGREGATION MACHNE CHAIM, INC., Respondent, v MINKE M. KWAK, as Assessor of the Town of Lumberland, et al., Appellants, and COUNTY OF SULLIVAN et al., Respondents. [770 NYS2d 770]—

Peters, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered December 3, 2002 in Sullivan County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, partially granted summary judgment to petitioner.

Petitioner, a religious corporation exempt from federal income taxation, operates a Yeshiva summer camp for the study of the principles and doctrines of Judaism on property it owns in the Town of Lumberland, Sullivan County. For assessment years 1998 through 2001, the property was exempt from real property taxation pursuant to RPTL 420-a (1) (a). In 2002, petitioner applied for a renewal of its tax exemption on a form prescribed by the State Board of Real Property Services (*see* RPTL 202 [1] [h]; 420-a [11]). By letters dated March 6, 2002 and March 12, 2002, petitioner was advised that, although it had submitted its renewal application by the March 1, 2002 deadline, the application was incomplete, but that if a properly completed application was submitted by March 15, 2002, it would be accepted. Fully completed forms were submitted by that date, all of which noted that there had been no relevant changes since the prior application. As in years past, the camp's purpose was described as "vacation season."

Petitioner's application was disapproved by a finding that "vacation season" was "not [a] qualified use." After a hearing before respondent Board of Assessment Review of the Town of Lumberland (hereinafter Board), the determination was upheld with a further finding that petitioner had "fail[ed] to complete the appropriate form in a timely fashion and with the proper wording, according to law."

Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action by alleging, inter alia, that the Board, respondent Town of Lumberland and respondent Assessor of the Town of Lumberland (hereinafter collectively referred to as the Town) were without jurisdiction to make the property taxable. It further alleged that the Town acted arbitrarily and, as a result, respondents' expected tax levies were illegal. Supreme Court agreed and, sua sponte, granted

summary judgment to petitioner on these causes of action. The Town appeals.

It is settled that "[a]lthough exemption statutes are to be strictly construed against the taxpayer, the interpretation of those statutes 'should not be so narrow and literal as to defeat [their] settled purpose, . . . that of encouraging, fostering and protecting religious and educational institutions' " (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244, 249 [1992], quoting *People ex rel. Watchtower Bible & Tract Socy. v Haring,* 8 NY2d 350, 358 [1960]). Here, petitioner completed the official application form (*see* RPTL 202 [1] [h]) within the time frames set. With the Board having the power to "administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates" (RPTL 525 [2] [a]; *see Matter of Grossman v Board of Trustees of Vil. of Geneseo,* 44 AD2d 259, 263 [1974]), a mistake in the application process should not provide a basis for summary rejection (*see* RPTL 420-a [11]). "[A]ssessors are charged with [the] responsibility of investigating the necessary facts upon which to establish a proper assessment roll" (*Matter of Grossman v Board of Trustees of Vil. of Geneseo, supra* at 263) and, thus, the question must be whether petitioner has established a prima facie case that the property was used for religious purposes (*see Matter of Pets Alive v Wanat,* 288 AD2d 386, 387 [2001]; *Matter of F.O.R. Holding Co. v Board of Assessors of Town of Clarkstown,* 45 AD2d 875, 876 [1974], *appeal dismissed* 35 NY2d 959 [1974]) or in a manner incidental or auxiliary thereto (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, supra* at 249; *Matter of Association of Bar of City of N.Y. v Lewisohn,* 34 NY2d 143, 153 [1974]; *Matter of Ellis Hosp. v Assessor of City of Schenectady,* 288 AD2d 581, 582 [2001]). We find that petitioner submitted the requisite quantum of evidence to establish that its use of the property was in furtherance of its exempt purpose. Upon this showing, the burden shifted to the Town to show the existence of a factual question on the issue of use (*see Matter of Pets Alive v Wanat, supra* at 387). No such evidence was submitted. Their reasons for rejecting petitioner's applications are unpersuasive.

Finally, with a contention alleging that the Town acted without jurisdiction, petitioner's commencement of a plenary action for a declaratory judgment was proper (*see Troy Towers Redev. Co. v City of Troy,* 51 AD2d 173, 175 [1976], *affd* 41 NY2d 816 [1977]). In that procedural posture and the lack of contrary evidence, Supreme Court properly granted summary judgment to petitioner on its claims against the Town and, as a

result, against respondents Eldred Central School District and the County of Sullivan.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.