■ In the Matter of S.N.H.N.C.Y.I., Inc., Respondent, v CITY OF MOUNT VERNON et al., Appellants, et al., Respondent. [772 NYS2d 593]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessment Review of the City of Mount Vernon, revoking the petitioner's tax exemption pursuant to Real Property Tax Law § 420-a, the City of Mount Vernon and the Board of Assessment Review of the City of Mount Vernon appeal from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered November 6, 2002, which granted the petition.

Ordered that the judgment is affirmed, with costs.

Real Property Tax Law § 420-a provides a mandatory exemption from the payment of real property taxes for real property which is used exclusively for one or more tax-exempt purposes and is owned by a tax-exempt organization (*see* RPTL 420-a; *Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476, 482 [1979]; *Matter of Pets Alive v Wanat,* 288 AD2d 386, 387 [2001]; *Matter of Storm King Art Ctr. v Tiffany,* 280 AD2d 606 [2001]; *Matter of Scenic Hudson Land Trust v Sarvis,* 234 AD2d 301, 303 [1996]).

The appellants failed to raise an issue of fact that would have required the Supreme Court to conduct a hearing on the petitioner's request to be restored to tax-exempt status (*see* *Matter of Regional Economic Community Action Program v Ritter,* 270 AD2d 492 [2000]; *cf. Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye,* 275 AD2d 714, 716 [2000]; *Matter of Mid-Hudson Workshop for the Disabled v City of Poughkeepsie,* 245 AD2d 291, 292). The Supreme Court correctly concluded that the subject property was used for purposes integral to the exempt purposes of the operation of the corpora-

tion and granted the petition (*see Matter of Pets Alive v Wanat, supra*). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.