██ In the Matter of REGIONAL ECONOMIC COMMUNITY ACTION PROGRAM, INC., Appellant, v BONNIE BERNASKI, as Commissioner of Assessment of City of Middletown, Respondent. [836 NYS2d 660]—

In a proceeding pursuant to CPLR article 78 to review 12 determinations of the respondent dated February 25, 2004, denying the petitioner's applications for real property tax exemptions for properties owned by it and to direct the respondent to grant a real property tax exemption for the tax year 2004-2005, the petitioner appeals from a judgment of the Supreme Court, Orange County (Horowitz, J.), dated March 6, 2006, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a tax-exempt corporation which owns 12 pieces of property (hereinafter the properties) in the City of Middletown. In 2004 the petitioner applied to the respondent Bonnie Bernaski, as Commissioner of Assessment of the City of Middletown (hereinafter the Commissioner), for exemption of the properties from taxation pursuant to RPTL 420-a. The Commissioner denied the applications. The petitioner then commenced this proceeding pursuant to CPLR article 78 and the Supreme Court denied the petition, determining that the properties were not used exclusively in furtherance of a charitable purpose because the rents charged were up to fair market value. The court concluded that the properties were indistinguishable

from a "commercial apartment complex," with the one exception that they were intended to house low-income families and the disadvantaged.

RPTL 420-a (1) (a) provides a mandatory real property tax exemption for property owned by tax-exempt organizations and used exclusively for charitable purposes (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249; *Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 483 [1979]; *Matter of Marino P. Jeantet Residence for Seniors v Commissioner of Fin. of City of N.Y.*, 105 Misc 2d 1080, 1082 [1980], *affd* 86 AD2d 671 [1982]; *Matter of Belle Harbor Home of Sages v Tishelman*, 100 Misc 2d 911 [1979], *affd* 81 AD2d 886 [1981]). Since there is no dispute that the petitioner is a charitable corporation, the only issue is whether the petitioner used the properties exclusively for charitable purposes (*see Matter of Pets Alive v Wanat*, 288 AD2d 386, 387 [2001]; *Matter of Regional Economic Community Action Program v Ritter*, 270 AD2d 492, 493 [2000]).

The record supports the determination of the Supreme Court that the petitioner was not entitled to a tax exemption pursuant RPTL 420-a (1) because its properties were not being used exclusively in furtherance of a charitable purpose (*see Matter of Greer Woodycrest Children's Servs. v Fountain*, 74 NY2d 749 [1989]; *Matter of Nassau County Dept. of Social Servs. v Mixon*, 198 AD2d 357, 358 [1993]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d 998 [1978], *affd* 48 NY2d 885 [1979]). Thus, there was a rational basis for the determination of the Commissioner that the petitioner failed to establish entitlement to an exemption from real estate taxes (*see* RPTL 420-a; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Ecclesia Word Ministries Intl., Inc. v Brophy*, 21 AD3d 372, 373 [2005]; *Matter of Greentree Found. v Assessor of County of Nassau*, 1 AD3d 357, 358 [2003]). Miller, J.P., Krausman, Covello and Balkin, JJ., concur.