■ SEPHARDIC CONGREGATION OF SOUTH MONSEY, Appellant, v TOWN OF RAMAPO et al., Respondents. [849 NYS2d 662]—

In an action for a judgment declaring that the real property owned by the plaintiff in the Town of Ramapo is fully exempt

from real property taxes for the 2004 tax year pursuant to RPTL 420-a, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Dickerson, J.), dated July 31, 2007, which, after a nonjury trial, and upon an order of the same court dated January 8, 2007, declared the subject real property fully taxable for the 2004 tax year.

Ordered that the plaintiff's notice of appeal from the order dated January 8, 2007 is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, it is declared that the real property owned by the plaintiff in the Town of Ramapo is fully exempt from real property taxes for the 2004 tax year pursuant to RPTL 420-a, and the order dated January 8, 2007 is modified accordingly.

The plaintiff, Sephardic Congregation of South Monsey (hereinafter the plaintiff or the Congregation), a religious corporation, owns the subject three-floor premises in Monsey, which contains its synagogue on the ground floor and a residence for Rabbi Arash Hakakian, its sole Rabbi, and his family on the second and third floors. After the Town of Ramapo assessor and the Town's Board of Assessment Review denied the plaintiff's application for a full tax exemption for the premises for the 2004 tax year pursuant to, inter alia, RPTL 420-a, the plaintiff commenced the instant action against the Town, the Town assessor, Rockland County, and the Town Board of assessment review (hereinafter the defendants) seeking a judgment declaring that the premises is fully tax exempt for the 2004 tax year pursuant to, inter alia, RPTL 420-a.

At trial, Rabbi Hakakian was the sole witness and he testified, in pertinent part, that he devotes about 40 to 45 hours per week to the Congregation, performing services, officiating at weddings, funerals, and brisses, counseling Congregation members, and generally making himself available 24 hours per day.

The Supreme Court denied the plaintiff the relief sought, finding that the premises was not entitled to an exemption under RPTL 420-a because its primary use as a residence was not necessary or incidental to the Congregation's exempt religious purpose. We reverse.

Preliminarily, in reviewing a nonjury trial, this Court's power "is as broad as that of the trial court" and accordingly this Court "may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d

492, 499 [1983] [internal quotation marks omitted]; *see D'Elia v 58-35 Utopia Parkway Corp.*, 43 AD3d 976 [2007]).

RPTL 420-a (1) (a) provides that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, [or] educational . . . purposes . . . and used exclusively for carrying out thereupon one or more of such purposes [,] . . . shall be exempt from taxation." While acknowledging that exemption statutes are strictly construed against the taxpayer, to avoid defeating the statute's purpose, the Court of Appeals has interpreted "exclusively" as used in the statute to mean "principally" or "primarily" (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249 [1992]; *see Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn. of City of N.Y.*, 55 NY2d 512, 521 n 2 [1982]; *Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153 [1974]). Accordingly, a party seeking to qualify real property it owns for a tax exemption under RPTL 420-a must demonstrate that (1) it is organized primarily or principally for tax exempt purposes, and (2) the subject property is used primarily or principally for exempt purposes (*see Matter of S.N.H.N.C.Y.I., Inc. v City of Mount Vernon*, 5 AD3d 495 [2004]; *Matter of Storm King Art Ctr. v Tiffany*, 280 AD2d 606 [2001]). "Purposes and uses which are merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption" (*Matter of Storm King Art Ctr. v Tiffany*, 280 AD2d 606 [2001]). Further, "the determination of whether the property is used exclusively for the statutory purposes depends upon whether its primary use is in furtherance of the permitted purposes" (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d at 250 [internal quotation marks omitted]).

It is undisputed that the plaintiff, a religious corporation, is organized for an exempt purpose. As to the second requirement of RPTL 420-a, in his trial testimony, Rabbi Hakakian estimated that he devotes 40 to 45 hours per week to the Congregation, which includes conducting services twice a day on most days, teaching classes, counseling and meeting with Congregation members, and preparing for lectures and services. Further, Rabbi Hakakian is available on-call to Congregation members 24 hours per day. Accordingly, notwithstanding that more than one half of the premises is used by Rabbi Hakakian and his family for personal use, given the comprehensive nature of Rabbi Hakakian's duties for the Congregation, nearly all of which occur on the premises, the residential use of the subject premises is necessary and reasonably incidental to furthering

the plaintiff's primary exempt purpose, thereby qualifying the premises for a full tax exemption under RPTL 420-a for the 2004 tax year for which the Congregation applied (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d at 250-251; *Matter of St. Luke's Hosp. v Boyland*, 12 NY2d 135, 141 [1962]).

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.