CONGREGATION OR YOSEF, Appellant, v TOWN OF RAMAPO et al., Respondents. [851 NYS2d 653]—

In two related actions for judgments declaring that the real property owned by the plaintiff in the Town of Ramapo is fully exempt from real property taxes for the 2004 and 2005 tax years, respectively, the plaintiff appeals from a clerk's judgment of the Supreme Court, Rockland County dated July 31, 2007, which, upon a decision of the same court dated September 27, 2006 (Dickerson, J.), made after a nonjury trial, declared the subject real property fully taxable for the 2004 and 2005 tax years.

Ordered that the notice of appeal from the decision dated September 27, 2006, is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The plaintiff, Congregation Or Yosef holds title to the subject premises located at 32 College Road, Monsey (hereinafter the property), in the Town of Ramapo (hereinafter the Town). The plaintiff renovated the property's upper level as a residence (hereinafter the residence) for its Rabbi Baruch Moskowitz, his

wife, and their 10 children, and applied to the Town for a building permit to renovate the property's basement into a Mikvah (ritual bath) and playroom. The permit application did not mention that the property was to be used in whole or in part as a synagogue or a religious school. In November 2002 the Town issued a certificate of occupancy (hereinafter the CO) for the property as a single-family dwelling with a finished basement. In June 2004 the Town building inspector issued the plaintiff a violation for using the premises as a "school/shul" in violation of its CO. The plaintiff does not dispute that its use of the property is in violation of the CO.

The Supreme Court correctly held that the plaintiff's use of the premises in violation of the Town zoning law prohibited it from receiving a property tax exemption pursuant to RPTL § 420-a (*see Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Sweet,* 309 NY 744 [1955]; *Matter of Colella v Board of Assessors of County of Nassau,* 266 AD2d 286, 287 [1999], *revd on other grounds* 95 NY2d 401 [2000]; *see also Matter of Legion of Christ v Town of Mount Pleasant,* 1 NY3d 406, 412 [2004]; *cf. Sephardic Congregation of S. Monsey v Town of Ramapo,* 47 AD3d 915 [2008]).

Under the circumstances of this case, we find no reason to disturb the trial court's denial of the plaintiff's motion to conform its complaints to the evidence and to add a claim for an exemption pursuant to RPTL 462.

In light of our determination, we need not address the defendants' remaining contention. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.