*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 17, 2014                    517646
                                                         518311
_____

OORAH, INC.,
                         Appellant,

        v

TOWN OF JEFFERSON et al.,                MEMORANDUM AND ORDER
                         Respondents,
                         et al.,
                         Respondents.

(And Another Related Proceeding.)
_____

Calendar Date:   June 3, 2014

Before:   Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

_____

        McNamee, Lochner, Titus & Williams, PC, Albany (John J.
Privitera of counsel), for appellant.

        Roemer, Wallens, Gold & Mineaux, LLP, Albany (Michael R.
Cuevas of counsel), for Town of Jefferson, respondents.

_____

Egan Jr., J.

        Appeals (1) from an order and judgment of the Supreme Court
(Devine, J.), entered March 4, 2013 in Schoharie County, which
dismissed petitioner's application, in a combined proceeding
pursuant to CPLR article 78 and action for declaratory judgment,
to, among other things, review three determinations of respondent
Town of Jefferson Board of Assessment Review denying petitioner's
applications for real property tax exemptions, (2) from an order
and judgment of said court, entered June 21, 2013 in Schoharie
County, which, upon reargument, among other things, adhered to

its prior decision finding that parcel No. 3 is not tax exempt, and (3) from an order and judgment of said court, entered January 31, 2014 in Schoharie County, which partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, annul three determinations of respondent Town of Jefferson Board of Assessment Review denying petitioner's applications for real property tax exemptions.

Petitioner, which is a not-for-profit corporation organized under the laws of New Jersey and is exempt from federal taxation pursuant to Internal Revenue Code (26 USC) § 501 (c) (3), owns three improved parcels of real property located in the Town of Jefferson, Schoharie County.  The parcels in question are known as 409 State Route 10 (hereinafter parcel No. 1), which is improved by a single-family residence, 123 Scotch Valley Drive (hereinafter parcel No. 2), which primarily is comprised of certain condominium units, and 146 Scotch Valley Drive (hereinafter parcel No. 3), which includes, among other things, a synagogue, residential units, office space, athletic fields and nature trails.  Petitioner's submissions reflect that it "provides a wide range of religious, charitable and educational support services for families," including – insofar as is relevant here – utilizing the subject parcels to provide a summer camp experience for underprivileged children.

In February 2012, petitioner filed applications seeking tax exemptions for each of the parcels pursuant to RPTL 420-a; those applications were denied in April 2012 pending the receipt of additional information by petitioner.  Petitioner responded to the specific inquiries posed and, in May 2012, filed grievances with respondent Town of Jefferson Board of Assessment Review regarding the subject parcels.  The Board upheld the denial of the requested exemptions, citing petitioner's alleged failure to provide the additional information previously requested. Petitioner thereafter commenced the first of these combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment seeking, among other things, to annul the Board's denial of the requested exemptions and to obtain a declaration that the subject parcels were tax exempt for the 2012

tax year.  By order entered March 4, 2013, Supreme Court dismissed the petition, finding that none of the parcels qualified for the requested tax exemption.  In response to petitioner's subsequent motion to renew/reargue, Supreme Court, by order entered June 21, 2013, granted reargument, adhered to its prior decision as to parcel No. 3 and, with respect to parcel Nos. 1 and 2, granted petitioner's application and declared such parcels to be tax exempt for tax year 2012.  Petitioner now appeals from the March 2013 and June 2013 orders and judgments.[1]

In the interim, petitioner filed similar applications seeking real property tax exemptions for the subject parcels for tax year 2013.  Ultimately, the Board denied the requested exemptions, again citing an alleged lack of supporting documentation.  Petitioner thereafter commenced the second of these combined proceedings/actions seeking, among other things, a declaration that all three parcels were tax exempt for 2013.  By order and judgment entered January 31, 2014, Supreme Court granted the petition as to parcel No. 1 and denied the requested exemption as to parcel Nos. 2 and 3.  Petitioner now appeals from this order and judgment as well.

RPTL 420-a (1) (a) provides, in relevant part, that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious [or] charitable . . . purposes . . . and used exclusively for carrying out thereupon

_____

[1]  Despite the wording of the June 2013 order and judgment, it is apparent that Supreme Court actually granted reargument as to all three parcels, awarded affirmative relief as to parcel Nos. 1 and 2 and adhered to its prior decision as to parcel No. 3.  As a result, the June 2013 order, which is appealable as of right (see CPLR 5701 [a] [2] [viii]), supersedes Supreme Court's March 2013 order and judgment, thereby requiring dismissal of petitioner's appeal therefrom (see People v Parrotte, 267 AD2d 884, 885 [1999], lv denied 95 NY2d 801 [2000]; see also Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1375 [2013], lv denied 22 NY3d 864 [2014]; cf. Chittenden Falls Realty Corp. v Cray Val. Prods., 208 AD2d 1114, 1115-1116 [1994]).

. . . such purposes . . . shall be exempt from taxation as [therein] provided."  To demonstrate entitlement to this exemption, "(1) the [petitioning] entity must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the [petitioning] entity may not be simply used as a guise for profit-making" (Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1193 [2011] [internal quotation marks and citation omitted]; accord Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d 1098, 1100 [2013], lv granted 22 NY3d 864 [2014]; Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 777 [2010], affd 16 NY3d 778 [2011]).  Notably, "a property owner seeking a real property tax exemption which demonstrates that it is a not-for-profit entity whose tax-exempt status has been recognized by the Internal Revenue Service and whose property is used solely for [charitable] purposes has made a presumptive showing of entitlement to [the] exemption" (Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 111 AD3d 937, 939 [2013], lv granted ___ NY3d ___ [July 1, 2014] [internal quotation marks and citations omitted]).

Here, upon reviewing, among other things, petitioner's certificate of incorporation and bylaws, the affidavit submitted by one of its representatives, the various tax filings and other financial information provided and the details regarding the composition and use of the various parcels, we are satisfied that petitioner met its burden of showing that it was organized exclusively for religious or charitable purposes and that the subject parcels, in turn, were used exclusively for carrying out such purposes.  Specifically, petitioner's submissions demonstrated that the religious and charitable purposes for which it was organized include, among other things, "[t]he advancement of religious education" and "support[ing] various outreach programs for unaffiliated Jews," that petitioner utilized the subject parcels for the purpose of, among other things, operating a summer camp "to provide religious, educational, social and moral enrichment and improvement," including "individualized

learning opportunities for children interested in beginning or improving their mastery of Hebrew, or in learning about Jewish traditions and values" and that petitioner neither profited from such venture nor otherwise ran or participated in a for-profit business. Accordingly, to the extent that Supreme Court determined that certain of the subject properties were not entitled to the exemption set forth in RPTL 420-a (1) (a) in the first instance, this was error.[2]

Having concluded that petitioner met its burden as to the cited exemption, our inquiry distills to whether – as Supreme Court found – petitioner's purported violation of certain provisions of the local building and fire code operated to deprive it of its tax-exempt status as to the subject parcels. In this regard, the case law makes clear that a property owner's actual use of a parcel in violation of a municipality's zoning law – such as where the subject parcel is not zoned for its intended use or the property owner fails to obtain the special use permit required in order to effectuate the intended use – such violation will deprive the property owner of the exemption otherwise afforded by RPTL 420-a (1) (a) (see Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d 1043, 1045 [2013]; Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d 1156, 1158-1159 [2012]; Congregation Or Yoself v Town of Ramapo, 48 AD3d 731, 732 [2008], lv denied 10 NY3d 711 [2008]). Here, however, nothing in the record suggests that petitioner's property is not zoned for use as, among other things, a summer camp or that petitioner otherwise is in violation of the zoning laws promulgated by respondent Town of Jefferson. Rather, the record reflects – at best – that petitioner was in possession of several open building permits

---

[2] In proceeding No. 1, Supreme Court denied the requested exemption as to parcel No. 3. In proceeding No. 2, Supreme Court found that petitioner satisfied the statutory elements of RPTL 420-a (1) (a) as to all three parcels, but denied the requested exemption as to parcel Nos. 2 and 3 due to petitioner's alleged noncompliance with certain local building and fire code provisions.

pertaining to ongoing work on the affected parcels for which no corresponding certificate of occupancy or certificate of completion had yet been issued.  Even assuming that the affidavits tendered by the Town's code enforcement officer are sufficient to establish that petitioner operated the camp during the 2012 and 2013 tax years while "technically in violation" of certain provisions of the Town's building and fire code (again, based upon petitioner's asserted failure to obtain the required certificates of occupancy or completion), the claimed violations in no way undermine — or even substantially impair — petitioner's otherwise legal use of the property and, therefore, do not afford a basis upon which to deny petitioner the requested tax exemption.  Stated another way, because the alleged violations do not divest petitioner of its ability to use the affected parcels for religious or charitable purposes, such violations cannot operate to deprive petitioner of a tax exemption to which it otherwise has demonstrated entitlement.  To the extent that respondents believe that petitioner is not in compliance with all relevant provisions of the Town's building and fire code, their remedy is to issue a stop work order or pursue whatever enforcement proceedings may be available.

        Peters, P.J., Garry, Rose and Clark, JJ., concur.

        ORDERED that the appeal from the order and judgment entered March 4, 2013 is dismissed, without costs.

        ORDERED that the order and judgment entered June 21, 2013 is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul a determination by respondent Town of Jefferson Board of Assessment Review as to parcel No. 3 for tax year 2012; petition granted to that extent, said determination annulled and it is declared that parcel No. 3 is tax exempt for tax year 2012; and, as so modified, affirmed.

ORDERED that the order and judgment entered January 31, 2014 is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to annul a determination by respondent Town of Jefferson Board of Assessment Review as to parcel Nos. 2 and 3 for tax year 2013; petition granted to that extent and it is declared that parcel Nos. 2 and 3 are tax exempt for tax year 2013; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court