=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 202
In the Matter of Maetreum of
Cybele, Magna Mater, Inc.,
          Respondent,
        v.
Nancy McCoy, &c., et al.,
          Appellants.
(And Two Other Related
Proceedings.)


        Daniel G. Vincelette, for appellants.
        Deborah Schneer, for respondent.
        Association of Towns of the State of New York, amicus
curiae.


MEMORANDUM:

        The order of the Appellate Division should be affirmed,

with costs.

        Petitioner, a not-for-profit religious corporation that

owns real property in the Town of Catskill, commenced proceedings

pursuant to CPLR article 78 and RPTL article 7 after respondent

- 1 -

Board of Assessment and Review for the Town refused petitioner's 2009, 2010 and 2011 applications for tax-exempt status pursuant to RPTL 420-a.  Under that provision, real property owned by a corporation that is "organized and conducted exclusively" for charitable and/or religious purposes, if "used exclusively" for such purposes, "shall be exempt from taxation" (RPTL 420-a [1] [a]).  We have defined the term "exclusively" as used in this context "to connote 'principal' or 'primary,' such that purposes and uses merely 'auxiliary or incidental to the main and exempt purpose' and use will not defeat the exemption'" (Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249 [1992], quoting Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]).

After a non-jury trial, where petitioner called four witnesses and respondents called none, the trial court dismissed the petitions on the ground that the religious and charitable uses of the subject property were incidental to petitioner's primary, non-exempt use of providing affordable cooperative housing.  The Appellate Division reversed and granted the petitions, holding that the testimony at trial by petitioner's witnesses demonstrated that petitioner "uses the property primarily for its religious and charitable purposes" and was therefore entitled to a property tax exemption for the years in question (111 AD3d 1098, 1102 [3d Dept 2013]).

The Appellate Division properly granted the petitions.

Petitioner adequately established its entitlement to the RPTL
420-a exemption, as the proof at the trial established that
petitioner "exclusively" utilized the property in furtherance of
its religious and charitable purposes.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum.  Chief Judge Lippman
and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam
concur.


Decided November 18, 2014