■ COMMUNITY HUMANITARIAN ASSOCIATION, INC., Appellant, v TOWN OF RAMAPO et al., Respondents. [25 NYS3d 664]—

In an action for a judgment declaring that certain real

property owned by the plaintiff in the Town of Ramapo is fully exempt from real property taxes as of and from March 1, 2012, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated August 12, 2013, which granted the defendants' motion for summary judgment, in effect, declaring that the subject property is not exempt from real property taxes as of and from March 1, 2012.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment, in effect, declaring that the subject property is not exempt from real property taxes as of and from March 1, 2012, is denied.

The plaintiff is a not-for-profit corporation established, inter alia, for the purpose of providing residential housing for low-income families. The plaintiff owns certain real property within the Village of Kaser and the Town of Ramapo. Prior to 2012, the subject property had been exempt from real property taxes pursuant to RPTL 420-a, which exempts from taxation real property used for, among other things, charitable purposes. Upon receiving a tax assessment for the property in May 2012, the plaintiff commenced this action for a judgment declaring that the property is fully exempt from real property taxes as of and from March 1, 2012.

The property consists of one office, which is used by the plaintiff's president, and four separate residences. Although a certificate of occupancy for the property, dated June 14, 1999, and issued by the Village's Building Department, states that the permitted use is for a "2 family dwelling with unfinished storage attic," the plaintiff has never been charged by the Village with a violation of the certificate of occupancy.

Based on the above facts, which are undisputed, the defendants contend that the plaintiff is in violation of the Village's zoning regulations, thereby barring the plaintiff from claiming a property tax exemption, regardless of whether it would otherwise be entitled to such an exemption pursuant to RPTL 420-a. We disagree.

" 'On a motion for summary judgment, the movant bears the burden of adducing affirmative evidence of its entitlement to summary judgment' " (*Scafe v Schindler El. Corp.*, 111 AD3d 556, 556 [2013], quoting *Cole v Homes for the Homeless Inst., Inc.*, 93 AD3d 593, 594 [2012]). Here, while the defendants contend that the plaintiff is in violation of the Village's zoning regulations, the Village has neither cited the plaintiff with any zoning violation nor obtained any injunction to prevent the current use in violation of the Village's zoning regulations (*see Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76

AD3d 775, 780 [2010], *affd* 16 NY3d 778 [2011]; *cf. Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva*, 108 AD3d 1043 [2013]).

Moreover, even assuming that a zoning violation had been sufficiently established, the defendants have failed to articulate why such a violation, under the particular circumstances presented, should result in the loss of the plaintiff's tax exemption. Not all violations of law automatically result in the loss of a tax exemption (*see Oorah, Inc. v Town of Jefferson*, 119 AD3d 1179, 1182-1183 [2014], *abrogated in part by Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 25 NY3d 614 [2015]). "The concern of the taxing authority is not with the observance or non-observance by plaintiff of regulatory provisions relating to a specific building, but to the use to which the real property as an entity is or is intended to be devoted" (*Jewish Mental Health Socy. v Village of Hastings-on-Hudson*, 255 App Div 77, 79 [1938], *affd* 279 NY 764 [1939]).

This is not a case in which the applicable zoning regulation is incompatible with the occupant's tax-exempt use (*see Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Sweet*, 309 NY 744 [1955]; *Congregation Or Yosef v Town of Ramapo*, 48 AD3d 731 [2008]). In such cases, the rationale for denying the tax exemption is simple and clear, as compliance with both the tax-exempt use and the zoning regulation is impossible. Here, by contrast, the tax-exempt use of providing residential housing to low-income tenants is consonant with the property's permitted use as a two-family dwelling. Under these circumstances, the defendants have failed to establish, prima facie, that the nature of the alleged violation (i.e., that the plaintiff had more than two residential apartments) can serve as a valid legal basis for denying the property tax exemption (*see Oorah, Inc. v Town of Jefferson*, 119 AD3d at 1182-1183; *Jewish Mental Health Socy. v Village of Hastings-on-Hudson*, 255 App Div 77 [1938]).

Similarly, the defendants' alternative basis for summary judgment (i.e., that the plaintiff did not, in fact, use the subject property in a manner consistent with its corporate purpose) was not supported by sufficient evidence to enable the defendants to establish their prima facie entitlement to judgment as a matter of law (*see D.T. v Rich*, 24 NY3d 1103 [2014]).

As the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.