■ CONGREGATION ATERES YISROEL, Appellant, v TOWN OF RAMAPO et al., Respondents. [45 NYS3d 211]—

In an action for a judgment declaring that certain real property owned by the plaintiff in the Town of Ramapo is exempt from real property taxes as of March 1, 2012, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated July 15, 2014, which granted the defendants' motion for summary judgment, in effect, declaring that the subject property is not exempt from real property taxes as of March 1, 2012.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the subject real property is not exempt from real property taxes as of March 1, 2012.

The plaintiff is a religious not-for-profit corporation that holds title to real property in Monsey, in the Town of Ramapo. The property's certificate of occupancy, issued July 12, 1954, permits it to be used as a "one family dwelling." From 2008 to 2011, the plaintiff obtained real property tax exemptions on the basis of religious use. In February 2012, the plaintiff submitted a renewal application for its real property tax exemption for the 2012/2013 tax year, representing that no changes had been made to the property's ownership or use since its last tax exemption application. The plaintiff's application was denied, and the Town Assessor issued a tax assessment for the property. After the plaintiff exhausted its administrative remedies, it commenced this action against the defendants Town of Ramapo, the Assessor of the Town of Ramapo, and the Board of Assessment Review of the Town of Ramapo (hereinafter collectively the defendants) for a judgment declaring that the property is exempt from real property taxes as of March 1, 2012. The defendants moved for summary judgment, in effect, declaring that the property is not entitled to the requested exemption. The Supreme Court granted the motion, and the plaintiff appeals. We affirm.

"Real property owned by a corporation or association

organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes . . . and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation as provided in this section" (RPTL 420-a [1] [a]). "In order for an entity to be entitled to this tax exemption, (1) the entity must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations" (*Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000]; *see Matter of Mount Tremper Lutheran Camp v Board of Assessors of Town of Shandaken*, 70 AD2d 984, 985 [1979]). However, even where an entity otherwise meets the foregoing test, such entity's "use of [its] premises in violation of [the local] zoning law prohibit[s] it from receiving a property tax exemption pursuant to RPTL § 420-a" (*Congregation Or Yosef v Town of Ramapo*, 48 AD3d 731, 732 [2008]; *see Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Sweet*, 309 NY 744 [1955]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's use of the property violated the Town zoning law, thereby prohibiting the plaintiff from receiving a real property tax exemption pursuant to RPTL 420-a (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendants' proof established that the plaintiffs had illegally erected two trailers on the property without obtaining the proper permits and, during the relevant time period, used the primary structure on the property as a dormitory and living quarters for over 20 students in contravention of its certificate of occupancy (*see Congregation Or Yosef v Town of Ramapo*, 48 AD3d at 732; *cf. Community Humanitarian Assn., Inc. v Town of Ramapo*, 137 AD3d 736, 738 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment, in effect, declaring that the plaintiff is not entitled to the requested real property tax exemption.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the subject real property is not

exempt from real property taxes as of March 1, 2012. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.