Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon (2024 NY Slip Op 04171)

Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon

2024 NY Slip Op 04171

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

CV-23-1597
[*1]In the Matter of First United Methodist Church in Flushing, Respondent,
v
Assessor, Town of Callicoon, et al., Appellants, et al., Respondents. (And Another Related Proceeding.)

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Ceresia, Fisher and Powers, JJ.

The Vincelette Law Firm, Latham (Daniel G. Vincelette of counsel), for appellants.
Michael D. Altman, South Fallsburg, for respondent.

Clark, J.
Appeal from an order of the Supreme Court (David M. Gandin, J.), entered April 4, 2023 in Sullivan County, which granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to declare certain real property owned by petitioner tax exempt.
Petitioner, a not-for-profit religious corporation organized pursuant to Religious Corporations Law article 17, owns and operates a Methodist Church in Queens County. In 2018, petitioner purchased an approximately 70-acre parcel of land located in the Town of Callicoon, Sullivan County. In 2021, petitioner applied for a real property tax exemption pursuant to RPTL 420-a. Respondent Assessor of the Town of Callicoon (hereinafter the assessor) denied the application and, after petitioner filed a timely complaint, the denial was upheld by respondent Board of Assessment Review of the Town of Callicoon (hereinafter the board). Petitioner then commenced the first of these proceedings pursuant to RPTL article 7 challenging the tax assessment as unlawful. After joinder of issue, the assessor and the board (hereinafter collectively referred to as respondents) moved for summary judgment arguing that, even if petitioner satisfied the requirements of RPTL 420-a, its use of the property as a church violated the Town of Callicoon Zoning Law (hereinafter the Zoning Law); petitioner opposed the motion. Supreme Court denied the motion, finding that material questions of fact existed as to whether the property had been used as a church, as that term is defined in the Zoning Law.
While the 2021 petition was pending, petitioner filed a second complaint with the board, challenging the assessment of real property taxes upon the subject property for the 2022 tax year. After the board issued a determination denying the exemption, petitioner commenced the second of these proceedings, challenging the 2022 tax assessment. Respondents moved pre-answer to dismiss the petition based upon petitioner's failure to file an application seeking an exemption from property taxes for the 2022 tax year, which motion petitioner opposed. Supreme Court denied the motion, finding that RPTL 420-a did not require the filing of an application. The 2021 petition and the 2022 petition were joined for a nonjury trial, where neither party disputed that petitioner was organized exclusively for religious purposes and that the subject property was used exclusively for carrying out such purposes. Through the order on appeal, Supreme Court found that petitioner was not operating a church as that term is defined in the Zoning Law. Consequently, the court granted both petitions. Respondents appeal.
Respondents contend that Supreme Court should have granted their motion for summary judgment dismissing the 2021 petition, as petitioner's operation of a church on the subject property violated the Zoning Law. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any [*2]material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action. The moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Taylor v Appleberry, 214 AD3d 1142, 1144 [3d Dept 2023] [internal quotation marks and citations omitted]; accord WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 827 [3d Dept 2021]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 959 [3d Dept 2011] [citations omitted]; accord Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420-1421 [3d Dept 2022]). Respondents do not challenge that petitioner's status as a "not-for-profit corporation organized for religious . . . purposes" and its primary use of the subject property for carrying out said purposes entitle it to be exempt from real property taxes pursuant to RPTL 420-a (1) (a) (Matter of Sisters of the Presentation of the Blessed Virgin Mary, Albany, N.Y. v Van Wagenen, 223 AD3d 987, 988 [3d Dept 2024], appeal dismissed 41 NY3d 990 [2024]; see Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411 [2004]; Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 949 [3d Dept 2007]). Rather, their argument focuses on the contention that petitioner "uses its property for exempt purposes in violation of an applicable zoning law" and, as such, "is prohibited from receiving [the] tax exemption" (Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d 1043, 1045 [4th Dept 2013]; see Oorah, Inc. v Town of Jefferson, 119 AD3d 1179, 1181 [3d Dept 2014], abrogated on other grounds Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614 [2015]; Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732 [2d Dept 2008], lv denied 10 NY3d 711 [2008]).
In support of their summary judgment motion, respondents submitted an affidavit from the town's code enforcement officer, who stated that petitioner sought an exemption based on its plan to use the property as a church, which is not allowed in the zoning district where the subject property is located. The town's zoning map and Zoning Law, which respondents attached to their motion papers, likewise reflect that a church is not permitted in that zoning district, unless the owner obtains a special permit or use variance. A church, for zoning purposes, is defined as "[a] building which, by design, is primarily intended and regularly used for conducting organized religious services and accessory uses associated therewith, but not including any dwelling units other than [*3]one to accommodate the clergy assigned to the church" (Town of Callicoon Zoning Law § 203-4). Respondents also relied on petitioner's tax exemption application and on petitioner's responses to interrogatories. In the application, petitioner represented that the property included a prayer house, a chapel and a retreat center for religious purposes, as well as a fruit and vegetable garden that was farmed for the benefit of the members of the church congregation. Through the interrogatories, petitioner admitted that it had conducted some upgrades to the buildings, that 15 young adults attended an overnight church retreat at the property in August 2021 and that five volunteers helped farm the property over a single day in April 2021. Viewing this evidence in the light most favorable to petitioner, as we must at this stage of the proceedings, the documents on which respondents relied show, at best, that the property was occasionally used for religious retreats for members of petitioner's church. As respondents failed to make a prima facie showing that, as a matter of law, petitioner "intended and regularly used [the subject property] for conducting organized religious services" (Town of Callicoon Zoning Law § 203-4), Supreme Court did not err in denying the motion for summary judgment (see Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 779-780 [3d Dept 2010], affd 16 NY3d 778 [2011]; compare Congregation Ateres Yisroel v Town of Ramapo, 146 AD3d 857, 858 [2d Dept 2017]; Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d 1156, 1158-1159 [3d Dept 2012]).[FN1]
As to the motion to dismiss the 2022 petition, respondents assert that petitioner's failure to file an application for a real property tax exemption for the 2022 tax year precludes it from challenging the tax assessment for that year. When reviewing a motion to dismiss pursuant to CPLR 3211, we "accept the facts alleged in the [petition] as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [internal quotation marks and citations omitted] [3d Dept 2022]; see Cavosie v Hussain, 215 AD3d 1080, 1081 [3d Dept 2023]). A tax exemption pursuant to RPTL 420-a may be granted either upon the filing of an application or where "the assessor personally inspects the property and certifies in writing that it satisfies all of the requirements for exemption," and judicial review may be sought where an exemption is not granted (RPTL 420-a [11]; compare RPTL 420-b [7]). In support of the motion to dismiss, the assessor submitted an affidavit stating, among other things, that she conducted a physical inspection of the property and denied a tax exemption based upon such inspection. Although the record is unclear as to whether that inspection occurred in connection with the tax assessment for 2021, 2022 or both[*4], according petitioner the benefit of every favorable inference, we find that Supreme Court did not err in denying respondents' motion to dismiss (see RPTL 420-a [11]; compare RPTL 420-b [7]; Matter of Inward House Corp. v Frey, 227 AD2d 845, 846 [3d Dept 1996]).
Turning to the nonjury trial, respondents contend that Supreme Court's finding that petitioner's use of the subject property did not violate the Zoning Law is contrary to the weight of the evidence; as such, they argue that petitioner is not entitled to exemption from real property taxes pursuant to RPTL 420-a. On appeal from a proceeding brought pursuant to RPTL article 7 to review a tax assessment on real property, we review the trial record to determine whether Supreme Court's finding is supported by or against the weight of the evidence, according due deference to the court's credibility determinations (see Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d 1420, 1421 [3d Dept 2017]; Matter of Association for Neighborhood Rehabilitation, Inc. v Board of Assessors of the City of Ogdensburg, 81 AD3d 1214, 1216 [3d Dept 2011]; Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d 963, 964 [3d Dept 2009], lv denied 12 NY3d 709 [2009]). It is well established that a property owner seeking an exemption from real property taxes pursuant to RPTL 420-a bears the burden of establishing, as relevant here, that it is a corporation "organized or conducted exclusively for religious . . . purposes" and that the property is used exclusively for carrying out its religious purposes (RPTL 420-a [1] [a]; see Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d 1098, 1100 [3d Dept 2013], affd 24 NY3d 1023 [2014]; Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl, 45 AD3d at 948). However, where the use of the property violates a municipality's zoning code, such violation operates as a complete defense justifying the denial of a tax exemption otherwise afforded by RPTL 420-a (see Oorah, Inc. v Town of Jefferson, 119 AD3d at 1182; Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d at 1045; Congregation Or Yosef v Town of Ramapo, 48 AD3d at 732). The burden of establishing the zoning violation at trial rests with the municipality asserting it (see Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Allen, 309 NY 744, 746 [1955]; cf. Matter of Eternal Flame of Hope Ministries, Inc. v King, 16 NY3d 778, 779 [2011]).
Neither party disputes that petitioner was organized exclusively for religious purposes or that the property was used exclusively for carrying out such purposes, thus satisfying the requirements of RPTL 420-a and entitling petitioner to exemption from real property taxes on the subject property. As such, "our inquiry distills to whether . . . petitioner's purported violation of [the Zoning Law] operated to deprive it of its tax-exempt status" (Oorah, Inc. v Town of Jefferson, 119 AD3d at 1182). [*5]Respondents pleaded a violation of the Zoning Law as an affirmative defense in their answer. At trial, respondents focused their entire litigation strategy on establishing that petitioner was operating a church on the subject property in violation of the Zoning Law. However, deferring to Supreme Court's credibility determinations, the trial evidence supports the finding that no regular or scheduled services were held at the subject property. A single church service was held at the property to celebrate its purchase, and the congregation occasionally traveled to the property to help with planting and harvesting a small fruit and vegetable garden and to hold prayer meetings away from Queens County. The chairperson also testified to two instances where a youth group from the congregation traveled to the property for overnight retreats that included bible study, prayers and singing hymns. Although these activities satisfy the requisite religious use (see e.g. Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d at 779-780), respondents did not prove that the subject property was regularly used to conduct organized religious services. Consequently, the weight of the evidence supports the finding that respondents failed to establish that petitioner used the property to operate a church, as that term is defined in Town of Callicoon Zoning Law § 203-4. Thus, Supreme Court properly granted the petitions to declare the subject property exempt from real property taxes for the 2021 and 2022 tax years.[FN2]
Garry, P.J., Ceresia and Powers, JJ., concur.
Fisher, J. (concurring in part and dissenting in part).
I agree with the majority affirming the denial of respondents' motion to dismiss, although I believe all motions are academic. However, as petitioner's exemption application provided that the use of the property was as a "Prayer House, Chapel, [and] Retreat Center for Church Members" — none of which are permitted uses of a property in the rural zoning district without approval from the local planning board — I would reverse the decision and order after trial of Supreme Court and deny both petitions, as I believe our precedent so requires, and therefore I respectfully dissent.
Indeed, "the case law makes clear that a property owner's actual use of a parcel in violation of a municipality's zoning law — such as where the subject property is not zoned for its intended use or the property owner fails to obtain the special use permit required in order to effectuate the intended use — such violation will deprive the property owner of the exemption otherwise afforded by RPTL 420-a (1) (a)" (Oorah, Inc. v Town of Jefferson, 119 AD3d 1179, 1182 [3d Dept 2014], abrogated on other grounds by Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614 [2015]; see Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d 1156, 1158 [3d Dept 2012]; see also Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d [*6]1043, 1045 [4th Dept 2013]). In a rural zoning district, the Town of Callicoon Zoning Law prohibits a "church or synagogue" and requires planning board approval for a conditional use of a "[s]ummer or day camp[ ]" or for a recreational enterprise such as a religious retreat (see Town of Callicoon Zoning Law §§ 203-4; 203-9 [B]; 203-10 [B]; 230 Attachment 1, part 1).
At trial, I agree that petitioner was successful in proving that it was not operating a "church or synagogue" as defined under Town of Callicoon Zoning Law § 203-4. In doing so, however, petitioner attempted to salvage its exemption applications by arguing that it was a religious retreat center — apparently relying on our precedent "that property used as a spiritual retreat does, in fact, qualify for the exemption despite the fact that a retreat center is not a church in the narrow sense" (Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 778 [3d Dept 2010] [internal quotation marks and citation omitted], affd 16 NY3d 778 [2011]; see Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d at 1158; see also Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo, 17 NY3d 763, 764 [2011]; Greater N.Y. Corp. of Seventh-Day Adventists v Town of Dover, 29 AD2d 861, 861-862 [2d Dept 1968], appeal dismissed 23 NY2d 682 [1968]). But, even though a religious retreat can constitute a proper tax exempt use, it is uncontested that petitioner did not seek a special use permit or permission for this conditional use, and "the actual use of property in contravention of local laws can be a valid basis for denying an application for a tax exemption" (Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d at 1158-1159 [finding that it was not an error for the municipality to deny the petitioner's exemption application where it operated a religious camp without seeking the necessary permit]). Based on this, since the "taxpayer seeking a real property tax exemption bears the burden of proof as tax exemption statutes are strictly construed against the property owner" (Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d 1098, 1100 [3d Dept 2013] [internal quotation marks, brackets and citations omitted], affd 24 NY3d 1023 [2014]), I believe the petitions should have been denied because it is uncontested in the record that a retreat center is not permitted in the rural zoning district without approval as a conditional use.[FN3]
The majority arrives at the alternate conclusion by shifting the burden to respondents to prove their affirmative defense of a zoning violation (see Matter of Colella v Board of Assessors of County of Nassau, 266 AD2d 286, 287 [2d Dept 1999] [holding that a petitioner's "use of the property as a religious and spiritual center was illegal and acted as a complete bar to the granting of its application for a tax exemption"], revd on other grounds 95 NY2d 401 [2000]). I have several issues with this approach [*7]and how it is being applied to respondents in this case.
Initially, I think it is important to recognize that this matter presents a unique procedural posture in that, although a property owner challenging the denial of an exemption has the initial burden of proof (see Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d at 1100; Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d at 777), it is ordinarily true that a respondent has the burden of proof to establish an affirmative defense (see CPLR 3018 [b]). But not every denial by a respondent is an affirmative defense that shifts the burden from a petitioner to a respondent — even when it is labeled as an affirmative defense (see Palmier v United States Fidelity & Guar. Co., 135 AD2d 1057, 1059 [3d Dept 1987]; see also Borrelli v Thomas, 216 AD3d 1433, 1434 [4th Dept 2023]).
In the context of an RPTL article 7 proceeding, there are very few reported cases involving a tax exemption application proceeding that went to a nonjury trial — let alone one where the outcome hinges on whether a respondent has met its burden of proving an affirmative defense. In one notable case following a nonjury trial, the petitioner's main argument on appeal was that the municipality completely failed to raise as an affirmative defense that the use of the property constituted a zoning violation; despite the failure to raise this as an affirmative defense, the Second Department still found that the petitioner's use of a property in violation of the zoning law barred it from receiving the tax exemption (see brief for petitioner-appellant in Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732 [2d Dept 2008], lv denied 10 NY3d 711 [2008], available at 2007 WL 4944099, *9-10). Although the Second Department did not expressly address the issue of the burden shifting in its decision, it is clear from the holding that this error was not fatal nor must a zoning violation be raised as an affirmative defense, as its holding preserved the burden of proving entitlement to the tax exemption on a petitioner, while according appropriate recognition of other decisional law holding that "a zoning violation is a bar to receiving the benefit of a tax exemption even in the absence of an administrative finding, a citation, or the property owner's knowledge of such a violation" (Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d 1043, 1045 [4th Dept 2013]; see Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d at 1158-1159; see also Community Humanitarian Assn., Inc. v Town of Ramapo, 137 AD3d 736, 738 [2d Dept 2016] [noting that, where "the applicable zoning regulation is incompatible with the occupant's tax-exempt use . . . , the rationale for denying the tax exemption is simple and clear, as compliance with both the tax-exempt use and the zoning regulation is impossible" (emphasis added)]).
I further believe that this position is consistent with RPTL 420-a, which in [*8]certain instances does require an applicant — not a municipality — to prove compliance with the zoning law. Although typically arising in the context of an undeveloped property, where a property is not in actual use for the exempt purpose due to "the absence of suitable buildings or improvements thereon," in these situations a property owner seeking a tax exemption carries the burden of demonstrating either that "construction of such buildings or improvements is in progress or is in good faith contemplated" (RPTL 420-a [3]; see Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411 [2004]; see also Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 950-951 [3d Dept 2007]). Where, like here, by reason of a zoning law a "suitable building[ ]" does not exist on the property and cannot be constructed on the property to carry out the exempt purpose (RPTL 420-a [3]), a petitioner is not entitled to the exemption under RPTL 420-a (1) (a). This proposition is demonstrated in the exceptionally similar case, Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating (99 AD3d at 1159-1160), where this Court found insufficient evidence that the petitioner planned the construction of suitable buildings and improvements in the foreseeable future because, "[i]mportantly, use of the existing buildings on petitioner's property as a children's camp is precluded by local zoning ordinances" (id. at 1160). Similarly, where the municipality had denied a petitioner's application for a special use permit to use certain buildings for a religious purpose, the petitioner's "use of the property as a religious and spiritual center was illegal and act[ed] as a complete bar to the granting of its application for a tax exemption" (Matter of Colella v Board of Assessors of County of Nassau, 266 AD2d at 287). Even though the majority interprets "a complete bar" as functioning as an affirmative defense, this is not how the parties had framed their contentions in their briefs in the cited cases above or how any other appellate court or the Court of Appeals have interpreted such positions (see brief for petitioners-appellants in Matter of Colella v Board of Assessors of County of Nassau, 266 AD2d at 287, available at 1999 WL 34844485, at *35-36). As such, specifically based on Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating (99 AD3d at 1159) — a case which I think is dispositive in this matter for many reasons — the burden to prove compliance with the zoning laws as part of a challenge to an exemption denial is on petitioner, and stays with petitioner; such burden does not shift to respondents to prove as an affirmative defense.[FN4]
But even assuming that respondents had the burden of proving a zoning violation at trial, I believe that the record is sufficient to establish that they did. Petitioner's tax exemption application and the zoning law were admitted into evidence at trial, during which the assessor testified that [*9]she reviewed the application and denied the exemption because petitioner's stated use of the property on its application was for a "worship house/retreat center," which was not permitted in the rural zoning district. She further confirmed that she was aware that petitioner considered the property a retreat center, and that the sign identifying it as a retreat center was still present, but that these uses were not permitted in the rural zoning district. It is unclear to me, based on this documentary evidence and the assessor's testimony, coupled with an "independent[ ] review[ of] the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom" (Harris v Reagan, 221 AD3d 1069, 1071 [3d Dept 2023] [internal quotation marks and citations omitted]), how respondents did not carry the burden being imposed on them (see Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d at 1045; Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d at 1158-1159; Congregation Or Yosef v Town of Ramapo, 48 AD3d at 732). This is particularly true when considering that "[t]ax exemptions are limitations of sovereignty and are strictly construed. If ambiguity or uncertainty occurs, all doubt must be resolved against the exemption" (Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d at 1045 [internal quotation marks, ellipses and citations omitted]).
Finally, in addition to the burden shifting and being held to a greater standard of evidence, respondents' affirmative defense is also being narrowly construed to confine them to just their "church" argument. Specifically, the majority finds "that respondents failed to establish that petitioner used the property to operate a church" as defined by the zoning law (majority op at 6). However, respondents' sixth affirmative defense is much broader and does not limit their defense to just the use of the property as a church. Rather, it asserts that "[t]he subject property fails to qualify for a religious exemption as the originally alleged primary use of the subject property" violated the zoning law (emphasis added). This also applies to petitioner's use of the property as a religious retreat, particularly considering that "[p]leadings shall be liberally construed" (CPLR 3026). Such interpretation is consistent with the first point of respondents' posttrial brief,[FN5] which contended that petitioner's use of the property as a "retreat center" constituted a zoning violation, citing for this proposition the cases of Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating (99 AD3d at 1157-1158) and Oorah, Inc. v Town of Jefferson (119 AD3d at 1182). These cases and this argument were again echoed in respondents' appellate brief, particularly in the third point heading, dispelling any ambiguity that their affirmative defense did not also encompass petitioner's use of the property as a religious retreat. The fact that the majority finds [*10]that petitioner's activities on the property such as having overnight retreats satisfies the requisite religious use under RPTL 420-a, when petitioner expressly provided on their application that the property consisted of a "church and religious retreat" and the issue of an exemption shall be strictly construed against them, but then turns around and confines respondents' affirmative defense to just their "church" argument while ignoring their retreat center argument when respondents' pleading shall be liberally construed, is internally inconsistent in application and under the law (see CPLR 3026; Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d at 1100; Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d at 1045). Said differently, petitioner's application is saved by allowing them to slide their position from a church use to a religious retreat, but respondents are not allowed to similarly follow suit in their defense — despite making these arguments in motion practice, at trial, posttrial and on appeal — and despite the favorable construction under the CPLR and decisional law.[FN6]
In sum, I believe that petitioner unequivocally claimed that it was a church and religious retreat center, respondents countered that such religious uses were not permitted in the rural zoning district, the proof at trial conclusively demonstrated that the subject property was being used as a religious retreat center and not a church, and that Supreme Court erred when it stopped its analysis once petitioner established it was not a church but did not address the religious retreat center issue. I believe that the majority repeats and affirms this error. I would complete that analysis and deny both petitions for the foregoing reasons. Accordingly, I dissent, to not bless a tax exemption for a property use that is unquestionably in contravention of the zoning law and not a suitable use of such property under RPTL 420-a.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Were we to find that respondents met their initial burden, petitioner's opposition papers further support the existence of material questions of fact. Specifically, the affidavit of petitioner's chairperson asserted that the subject property was not used for regular church services and that only occasional overnight trips had been made.

Footnote 2: In their appellate brief, respondents rely on various additional provisions of the Zoning Law to assert alternative zoning violations by petitioner. As respondents failed to raise such issues at trial, they are unpreserved for our review (see Kelsey v Catena, 217 AD3d 1233, 1237 [3d Dept 2023], appeal dismissed 40 NY3d 1014 [2023]) and, in any case, lack support in the trial record. In reviewing petitioner's applications for exemption from real property taxes for subsequent years, respondents bear the burden of proving that the property is subject to taxation and may do so by establishing, among other things, a violation of the Zoning Law, "a change in the law governing the applicable exemption, a change in the use of the property, or that the tax exemption was erroneously awarded in the first instance" (Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh, 72 AD3d 1302, 1304 [3d Dept 2010] [internal quotation marks and citations omitted]; see Oorah, Inc. v Town of Jefferson, 119 AD3d at 1182).

Footnote 3: Not once does petitioner contend that its retreat center is a permitted use in the rural zoning district — neither in opposition to summary judgment, at trial, posttrial or on appeal. Rather, petitioner contends that it does not operate a church within the definition prescribed by respondents' zoning law — absolutely silent on the issue of a religious retreat center, despite respondents' loud pronouncement that the zoning law also prohibits this property use in a rural zoning district.

Footnote 4: As noted, there are limited cases with this similar unique posture, but the majority's holding here would appear to be the first instance of a court holding that proving a zoning violation was not part of a petitioner's initial burden of proof under RPTL 420-a, but an affirmative defense to be plead and proven by a respondent.

Footnote 5: It is also consistent with respondents' motion for summary judgment, which also argued that petitioner's use of the property as a religious retreat was not permitted in the rural zoning district. Although it is my position that review of the motions is academic, because I believe respondents prevailed at trial, I also believe that respondents were entitled to summary judgment under CPLR 3212. In their moving papers, the code enforcement officer explained the zoning law and the requirements for permitting a conditional use. The moving attorney affirmation contended that petitioner's application and response to interrogatories demonstrated that the property was being used as a religious retreat for young adults which is an unapproved conditional use in violation of the zoning law. In opposition, petitioner utterly failed to contest this point — not even mentioning the retreat argument — focusing solely on the argument that it was not operating a church and, alternatively, that it was operating a farm. Based on this, if respondents are found to have not prevailed at trial, I would have granted respondents summary judgment due to petitioner's complete failure to interpose any opposition to respondents' religious retreat center argument. In fact, this argument may be stronger to warrant reversal. However, besides being academic, I believe, given the unique posture of this matter, a resolution of this appeal via an unopposed motion would have little utility to the bench and the bar — and to these parties — as the nature of a tax exemption such as this is nearly guaranteed to repeat in subsequent years.

Footnote 6: The parties' contentions cannot be taken in a vacuum. Petitioner's initial position in its applications and petitions was that it was unquestionably a church. Once respondents contended that a church was not permitted in the rural zoning district, petitioner started to evolve its contentions as to its use of the property in order to obtain the exemption, including by advancing that it was operating a multi-acre farming operation — which is simply not supported by the facts at trial or even the bare fact that petitioner did not check the "farm" box on the application. Indeed, the record before us contains many instances where petitioner's chairperson proved to be quite the unreliable narrator; such inconsistencies were acknowledged by Supreme Court, including conflicting claims in the tax exemption application, sworn interrogatories and the chairperson's testimony. As a result of this, respondents were tasked with following shifting arguments made by petitioner to escape certain pitfalls in their case, which I believe respondents were able to do at trial and on their motion for summary judgment.