Matter of Congregation Yeshiva Yoreh Deah Inc. v Ozomek (2026 NY Slip Op 00292)

Matter of Congregation Yeshiva Yoreh Deah Inc. v Ozomek

2026 NY Slip Op 00292

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-0754
[*1]In the Matter of Congregation Yeshiva Yoreh Deah Inc., Appellant,
vRenee Ozomek, as Assessor of the Town of Liberty, et al., Respondents. (And Three Other Related Proceedings.)

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Kalter, Kaplan, Zeiger & Forman, Woodbourne (Terry Forman of counsel), for appellant.
Kenneth C. Klein, Jeffersonville, for Renee Ozomek and another, respondents.
Whiteman Osterman & Hanna LLP, Albany (Anthony R. Bjelke of counsel), for Liberty Central School District, respondent.

Reynolds Fitzgerald, J.
Appeals from two orders of the Supreme Court (Stephan Schick, J.), entered March 12, 2024 in Sullivan County, which, among other things, in four proceedings pursuant to RPTL article 7, denied petitioner's motion for summary judgment.
Petitioner is a not-for-profit corporation organized pursuant to N-PCL 402. In 2016, petitioner purchased two parcels of land, approximately 24 acres and 65 acres, located in the Town of Liberty, Sullivan County. Beginning in 2019, petitioner annually applied for a real property tax exemption pursuant to RPTL 420-a, which applications were denied by respondent Assessor of the Town of Liberty, and the denials were upheld by respondent Board of Assessment Review of the Town of Liberty. Petitioner then commenced four proceedings (for the tax years 2019-2022) pursuant to RPTL article 7 challenging the tax assessments as excessive and improper, arguing that the properties have been used exclusively for carrying out religious and/or charitable purposes, making them exempt from taxation. Respondent Liberty Central School District filed a notice of appearance as an intervenor in the 2021 and 2022 proceedings. Thereafter, petitioner moved for summary judgment claiming it satisfied the requirements of RPTL 420-a and thus was entitled to a tax exemption. The Assessor and Board of Assessment Review (hereinafter collectively referred to as respondents) opposed the motion and cross-moved for summary judgment arguing that the properties' use violates the Town of Liberty zoning code and, as such, petitioner is precluded from obtaining a tax exemption. The school district opposed petitioner's motion and cross-moved for discovery. Supreme Court denied petitioner's motion, granted respondents' cross-motion and determined that the school district's cross-motion was moot. Petitioner appeals.
Petitioner contends that Supreme Court should have granted its motion for summary judgment. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action. The moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d 885, 886 [3d Dept 2024] [internal quotation marks and citations omitted], affd ___ NY3d ___, 2025 NY Slip Op 06526 [2025]; accord Grant v Temple, 216 AD3d 1351, 1352 [3d Dept 2023]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Cole [*2]v Triple M Excavating & Trucking LLC, 237 AD3d 1304, 1305 [3d Dept 2025] [internal quotation marks and citations omitted]; accord Barese v Erie & Niagara Ins. Assn., 224 AD3d 1174, 1176 [3d Dept 2024], lv denied 42 NY3d 903 [2024]).
"[R]eal property that is owned by a not-for-profit corporation organized for religious or educational purposes and used exclusively for carrying out such purposes is entitled to be exempt from real estate taxes" (Matter of Sisters of the Presentation of the Blessed Virgin Mary, Albany, N.Y. v Van Wagenen, 223 AD3d 987, 988 [3d Dept 2024], appeal dismissed 41 NY3d 990 [2024]; see Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 777 [3d Dept 2010], affd 16 NY3d 778 [2011]). "To qualify for the exemption, (1) petitioner must be organized exclusively for the purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) petitioner may not be simply used as a guise for profit-making operations" (Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy, 111 AD3d 1098, 1100 [3d Dept 2013] [internal quotation marks, brackets, ellipsis and citations omitted], affd 24 NY3d 1023 [2014]; see Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d at 777). "However, where the use of the property violates a municipality's zoning code, such violation operates as a complete defense justifying the denial of a tax exemption otherwise afforded by RPTL 420-a" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d at 889 [citations omitted]; see Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d 1156, 1158 [3d Dept 2012]). "It is well settled that whereas the burden of establishing entitlement to a real property tax exemption lies with the party seeking the exemption, the burden of establishing a zoning code violation to defeat an exemption lies with the municipality asserting it" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, ___ NY3d ___, ___, 2025 NY Slip Op 06526, *1 [2025] [citations omitted]).
In support of its motion, petitioner submitted its articles of incorporation and bylaws, an affirmation by its executive director, two affirmations by individuals who have attended programs taking place at the properties and an IRS exemption letter. The executive director stated that the properties' uses include "agriculture, physical education, occupational/trade education, and religious education with practical application to broaden [the] knowledge base for troubled and at risk youth in the Jewish community generally between the ages of 17 and 25," by focusing on the laws of Kashrut (keeping kosher) and agricultural principles set forth in the Talmud.[FN1] However, other than this affiant's conclusory statement that "[n]o [*3]officer or employee of the [corporation] receives any pecuniary profit," petitioner failed to provide any proof in the form of income or expense statements, tax filings or other financial information pertaining to the corporation or the use of the property (compare Oorah, Inc. v Town of Jefferson, 119 AD3d 1179, 1181-1182 [3d Dept 2014]; Matter of Baldwin Research Inst., Inc. v Assessors of Town of Amsterdam, 45 AD3d 1152, 1154-1155 [3d Dept 2007], lv denied 10 NY3d 705 [2008]). Nor does petitioner's tax exemption letter pursuant to Internal Revenue Code (26 USC) § 501 (c) (3), by itself, create a presumption that the corporation is entitled to a tax exemption under RPTL 420-a (see Matter of Catskill Watershed Corp. v Assessor of the Town of Middletown, 217 AD3d 1090, 1094 [3d Dept 2023]). Accordingly, Supreme Court did not err in denying petitioner summary judgment, as it did not meet its prima facie burden (see Matter of Ahavas Chaverim Gemilas Chesed, Inc. v Town of Mamakating, 99 AD3d at 1159; Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1195 [3d Dept 2011]).[FN2]
Petitioner next contends that Supreme Court erred in granting respondents' cross-motion for summary judgment. Preliminarily, it argues that respondents failed to assert petitioner's alleged violation of the zoning code as an affirmative defense and therefore waived same. "Such a waiver, however, may be retracted by assertion of an unpleaded affirmative defense in connection with a summary judgment motion. That is, even an unpleaded defense may be invoked to defeat a summary judgment motion or serve as the basis for an affirmative grant of such relief in the absence of surprise and prejudice, provided that the opposing party has a full opportunity to respond" (Sheils v County of Fulton, 14 AD3d 919, 921 [3d Dept 2005] [citations omitted], lv denied 4 NY3d 711 [2005]). Here, since petitioner had ample opportunity to oppose respondents' cross-motion, it cannot claim surprise or prejudice and, as such, respondents' failure to plead the defense prior to making their cross-motion neither bars its consideration nor the grant of affirmative relief (see Liberty Mut. Ins. Co. v PMI Newco, LLC, 218 AD3d 1080, 1082 [3d Dept 2023]; Sheils v County of Fulton, 14 AD3d at 921). Additionally, we reject petitioner's argument that the Town's failure to ever cite petitioner for a zoning violation precludes it from basing its denial of exemption on same (see Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d 1043, 1044 [4th Dept 2013]).
Turning to the merits of respondents' cross-motion, it is well established that "where the use of the property violates a municipality's zoning code, such violation operates as a complete defense justifying the denial of a tax exemption otherwise afforded by RPTL 420-a" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d at 889; see Matter of Geneva Gen. Hosp. v Assessor of Town of Geneva, 108 AD3d at 1045; [*4]Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732 [2d Dept 2008], lv denied 10 NY3d 711 [2008]). "[T]he burden of establishing a zoning code violation to defeat an exemption lies with the municipality asserting it" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, ___ NY3d at ___, 2025 NY Slip Op 06526, *1). In support of their cross-motion, respondents submitted an attorney affirmation alleging the zoning district for the two properties as agricultural conservation and service commercial. The only attachment to the affirmation is a copy of a schedule setting forth the intent of the agricultural conservation and service commercial districts, along with the principal permitted uses, special and accessory uses and developmental standards. However, the record does not contain a map designating each property's district or an assessor's affidavit with personal knowledge as to the classification of the properties. Although respondents assert that a website address to the Town's zoning code was provided in the affidavit, the website likewise does not include a zoning map or the designation of each parcel of property. While an attorney affirmation may serve as a vehicle for the submission of attachments constituting evidentiary proof in acceptable form, there was a failure to do so here (see Bradt v John Hancock Mut. Life Ins. Co., 98 AD2d 886, 887 [3d Dept 1983]; Carey v Campbell, 93 AD2d 923, 923 [3d Dept 1983]). Accordingly, respondents did not meet their prima facie burden of establishing that petitioner's use of the properties violated the zoning code (see Community Humanitarian Assn., Inc. v Town of Ramapo, 137 AD3d 736, 738 [2d Dept 2016]; Oorah, Inc. v Town of Jefferson, 119 AD3d at 1183). Petitioner's remaining contentions, to the extent not expressly addressed herein, have been examined and found to be lacking merit.
Aarons, J.P., Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as granted the cross-motion for summary judgment by respondents Assessor of the Town of Liberty and Board of Assessment Review of the Town of Liberty; said cross-motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: The Talmud is a collection of writings which cover the breadth of Jewish law and tradition.

Footnote 2: Supreme Court did not address the merits of the school district's discovery motion, as it was denied as moot. As such, we take no position on that issue.